LEONARD F. COX AND CORA I. COX, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cox v. Commissioner
Docket No. 23765-85.
United States Tax Court
T.C. Memo 1987-482; 1987 Tax Ct. Memo LEXIS 478; 54 T.C.M. (CCH) 645; T.C.M. (RIA) 87482; September 22, 1987. William G. Davidson, III, for the petitioners. Clement Shugerman, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax for the years and in the amounts as follows: Year Ending
Deficiency
Section 6653(a)(1) & (a)(2)
12-31-81
$ 101,228
$ 5,061   50% of the interest
on $ 101,228
12-31-82
$   3,250
$   163   50% of the interest
on $ 3,250
Some of the issues raised by the pleadings have been disposed of by agreement of the parties leaving for decision: (1) whether petitioners were negligent in failing to report the gain from the sale of coins sold by them in 1981 for $ 253,000 and interest received off $ 5,706 in 1981 and $ 11,458 in 1981; and (2) whether section 6653(a)(2) [1] applies with respect to deficiencies *480 resulting from the negligent failure to report income received in 1986 and/or 1982. FINDINGS OF FACT Petitioners, husband and wife, who resided on Broomes Island, Maryland, at the time of the filing of their petition in this case, filed joint Federal income tax returns for the calendar years 1981 and 1982. Leonard Cox ("petitioner"), was employed by and is retired from the National Oceanic Survey, Department of Commerce, Washington, D.C. He is a high school graduate with one to two years of training at night school in aeronautical drafting. Petitioner's father, Samuel Cox, was employed as a printer by the Government Printing Office. For some 25 years prior to his death in 1966, Samuel Cox collected gold coins as a hobby and to provide for the future needs of his family. Petitioner was aware of his father's hobby. [2] The coins were not collected for trade or display and were kept in a safe in the basement of Samuel Cox's Bethesda, Maryland home. *481 In 1981 petitioner's mother, Sophia Cox, became too ill to care for herself and petitioner moved her into his home. When moving his mother out of the Bethesda home, petitioner discovered the gold coins in the basement safe. In July of 1981 Sophia Cox entered a nursing home in Olney, Maryland. She was still at the nursing home at the time of the trial of this case. In 1981 petitioner decided to sell the coins. He looked up coin dealers in the telephone book and selected the one closest to his home. Petitioner had the coins appraised at $ 253,000 and accepted that appraisal. The coin dealer agreed to purchase the coins for $ 2253,000 and began paying for them in $ 10,000 increments, completing payment before the end of 1981. Cora I. Cox had no knowledge of her in-laws' finances. She was unaware of the existence of the coins until they were brought to her house in 1981. Cora I. Cox never prepared petitioners' tax returns. Petitioner considered the coins to be his private property. Petitioner did not discuss the sale with his wife and did not consult a tax advisor prior to the sale. Petitioner, however, did inquire at the bank about a good investment for the proceeds *482 from the sale of the coins. He then used a part of the proceeds to purchase bank certificates of deposit (CD's). He also put a portion of the money into checking and savings accounts, some of which were in the joint names of petitioner and his mother. Petitioner used some of the funds to purchase two cars, a truck, a boat, and to pay doctor bills in 1981 and 1982 for himself and his children. Petitioner claimed itemized deductions in the amount of $ 1,834 and $ 3,141, respectively, for sales tax paid on the purchase of the motor vehicles and boat in 1981 and 1982. In 1982 petitioner paid $ 100,000 down on his home by redeeming CD's purchased from the coin sales proceeds. Petitioner prepared his own 1981 Federal income tax return. He reported $ 911 of interest received on this return. Petitioner prepared his own 1978, 1979, and 1980 returns. He also reported interest income on each of these returns. In preparing these returns, petitioner read the IRS pamphlet explaining how to make entries. Following those directions petitioner was able to calculate itemized deductions, calculate his tax from the tax tables, and determine allowable credit amounts. In addition, petitioner *483 understood that his pension payments were taxable income. Petitioner did not report any gain from the sale of the coins or disclose the receipts from the sale on his 1981 income tax return. Some of the interest income which petitioner failed to report on his 1981 and 1982 income tax returns was received form CD's or other type joint accounts with Sophia Cox which accounts showed her social security number as the tax identification number. Petitioner's address was given for these accounts and CD's which were in his and Sophia Cox's joint names. Forms 1099 showing Sophia Cox's social security number with respect to certain of these joint accounts were received by petitioner at his address. Petitioner did report in 1981 and 1982 some of the interest income received which was shown on Forms 1099 issued to him in his name with his social security number. Petitioner has handled Sophia Cox's financial affairs since she entered the nursing home in 1981. Some of Sophia Cox's checks were sent automatically to her bank account on which petitioner also had signature authority. Most of the interest income received on the CD's in the joint name of petitioner and Sophia Cox was used by *484 petitioner for the benefit of petitioner and his family but he did deposit some of the interest received on the CD's into Sophia Cox's bank account. Respondent increased petitioners' income as reported by gains from the sale of the gold coins and unreported interest income in 1981 and by unreported interest income in 1982. The parties agreed for purposes of determining petitioners' income tax deficiencies for the calendar years 1981 and 1982 that petitioners realized long-term capital gain in 1981 of $ 213,002 from the sale of gold coins and received unreported interest income of $ 5,706 in that year. The parties agreed that petitioners received $ 11,458.00 of unreported interest income in 1982. The parties further agreed that none of the gold coins were given by Sophia E. Cox to petitioners. OPINION Section 6653(a)(1) and (2) [3] provides for additions to tax for the negligent or intentional disregard of the rules and regulations. An addition to tax equal to 5 percent of the entire underpayment is provided for by section 6652(a)(1) if any portion of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) provides for *485 a further addition to tax equal to 50 percent of the interest payable on that part of the underpayment which is attributable to negligence or intentional disregard of rules and regulations for the period beginning on the last day prescribed for payment and ending on the earlier of the date of assessment or payment of the tax. *486 Respondent's determination carries a presumption of correctness and thus the burden of proving the underpayments were not the result of negligence or intentional disregard of the rules and regulations falls upon petitioners. Bixby v. Commissioner,58 T.C. 757, 791 (1972); Enoch v. Commissioner,57 T.C. 781, 802 (1972); Rule 142(a). Petitioner argues that the underpayment of income tax and alternative minimum tax was the result of an honest, good faith misunderstanding of the facts and the law. According to petitioner, he should be held to the standard of conduct of a taxpayer of like education and background who is involved in a similar transaction. Respondent contends petitioner was negligent in failing to report as income both the gain from the sale of the coins and the interest income derived from investment of the proceeds of that sale. Petitioner argues that respondent has ruled that the determination of whether a taxpayer is negligent or has intentionally disregarded rules and regulations "depends on the facts or circumstances that takes into account the standard of [the] conduct that can be reasonably be expected from a taxpayer. *487 " [4] He then presents himself as a person with merely a high school education and no experience with investments other than checking accounts. He claims that he has never invested in stocks or bonds or dealt with investment counselors or advisors. He does admit that he understood the taxability of gain from the sale of a personal residence. Negligence has been defined as the lack of due care or the failure to do what the reasonable and ordinarily prudent person would do under the circumstances, Marcello v. Commissioner,380 F.2d 499, 506 (5th Cir. 1967), affirming 43 T.C. 168 (1964). In our view the ordinarily prudent person would not fail to include in income gains received from sales of property or interest income. Petitioner argues that a mere understatement of income does not establish negligence. However, petitioner here agreed to a number of adjustments and a large deficiency amount representing the omitted gain from the sale of coins and interest income. As has been noted, "large discrepancies between real net income and reported income and numerous *488 adjustments are strong evidence of negligence," Switzer v. Commissioner,20 T.C. 759, 766 (1953). We conclude the reasonable and prudent taxpayer would have inquired into the taxability of the receipt of such a substantial amount of income. We do not perceive petitioner as being so uneducated, unworldly or naive that he should not have understood that gains from the coin sales and interest income were taxable. In concluding petitioner was negligent, we do not express an opinion whether petitioner's failure to so inquire or to include such income was a lack of good faith. Honest good faith mistakes of law have at times been considered sufficient to cause no addition to tax for negligence to be imposed even though a taxpayer failed to report a substantial amount of income. See Burbank Liquidating Corp. v. Commissioner,39 T.C. 999, 1011 (1963), affd. and revd. on other issues 335 F.2d 125 (9th Cir. 1964). However, taxpayers have been subjected to he addition to tax when good faith is not questioned. See American Properties v. Commissioner,28 T.C. 1100, 1116, (1957), affd. per curiam 262 F.2d 150 (9th Cir. 1958). *489 Petitioner alternatively claims that the ownership and original cost of the coins was disputed and that he thought the proceeds were not taxable because they were his personal property. While it is possible that petitioner would not have known that the basis of the coins he inherited from his father was their fair market value on the date of death of Samuel Cox in 1966 (section 1014), he certainly knew that neither the cost of the coins nor their fair market value on the date of his father's death approached the amount he received for the coins. [5] Petitioner inquired at his bank about a good investment for the proceeds from the sale of the coins. It seems reasonable that when inquiring about a good investment for over a quarter of a million dollars petitioner would have also thought of taxability of the gain from the sale. Petitioner argues that a taxpayer has no affirmative duty to consult a tax advisor, Yalencsics v. Commissioner,74 T.C. 1513, 1533 (1980). However, none of the cases discussing this issue suggest that a taxpayer is excused for omitting from income an amount which a reasonably prudent person should have known was includible in income or at the *490 least known that he should find out whether it was includible. Petitioner further contends that the tax issues were sufficiently complex that he should be excused from failing to report the income in issue. Petitioner cites a number of cases to support his position that complexity of legal issues may excuse a taxpayer from the negligence addition. In Dillon v. Commissioner,56 T.C. 228, 248 (1971), the taxpayer earned income while he was a U.S. citizen but did not receive that income until after he had expatriated himself. As an alien he failed to include the earnings in income. This Court concluded the confusion over whether he was in fact subject to the tax on that amount was not unreasonable and excused the taxpayer from the negligence addition. In Yelencsics *491 v. Commissioner, supra at 1533, the taxpayer's misunderstanding of the law resulted from the complex issue involved, i.e., whether certain payments by a corporation to a seller in satisfaction of notes issued to the seller were constructive dividends to the individual shareholders. This Court concluded that the issues were complex enough that there could be a reasonable difference of opinion on the taxability of that income. Likewise in Marcello v. Commissioner,43 T.C. 168, 182 (1964), affirmed 380 F.2d 499 (5th Cir. 1967), complexity excused the taxpayer from the addition where the taxpayer was found to have realized gain on the sale of his undivided interest in inherited real property. In Wofford v. Commissioner,5 T.C. 1152, 1166-1167 (1945), the taxpayer was relieved of the section 6653(a) addition where he had understated his gain realized upon the distribution of assets of a corporation because he had mistakenly relied upon an assignment of a portion of his interest. This Court agreed the taxpayer's confusion over the legal effect of the assignment was reasonable and concluded he was not negligent. However, the facts in this *492 case do not show a level of complexity sufficient for petitioner to avoid application of the addition to tax. We do not perceive the question of taxability of the gain from the coin sales to be as complex as problems in the above cited cases. We recognize that the term "complex" was used by a representative of respondent in describing the investigation of petitioner's tax liability. We however agree with respondent that the complexity here results from the difficulty in tracing petitioner's use of the coin and CD proceeds and from the respondent's inability to acquire the necessary records to determine petitioner's tax liability which was due, at least in part, to petitioner's actions. We conclude that petitioner has neither a misunderstanding of the facts sufficient to excuse his noncompliance with the rules and regulations nor that the issue is sufficiently complex as to be beyond the capability of the average person to understand. Petitioner understood that his pension income was taxable. Petitioner was aware that interest income received in other years was taxable. He, in fact, included interest income on returns which he prepared for prior years and reported at least some *493 of the interest income for the year 1981 for which he received Forms 1099 in his name. Petitioner was able to utilize IRS instructions in filling out returns -- to calculate his adjusted gross income, taxable income, amount of tax, and itemized deductions (including sales tax deductions on motor vehicles which he purchased at least partially with coin or CD proceeds). Petitioner inquired at his bank about the investment of the proceeds and then utilized those proceeds and interest income in the same way he utilized his other income. Petitioner had some concept of capital gains through his knowledge of the taxability of gain on the sale of a home and from reading the I.R.S. instructions for filing tax returns. Consequently, we reject petitioner's argument that this is the type of complex case excusing him from the negligence addition. We also summarily reject petitioner's arguments that respondent's actions violated the public policy considerations behind section 6653(a)(2). The statutory language of 6653(a) itself mandates that the addition shall be added. We conclude that both the complexity and delay in petitioner's case were attributable to petitioner and consequently *494 are not reasons for him to avoid application of a mandatory addition. Accordingly, we conclude that petitioner has not met his burden of proof in order to overcome the presumption of correctness of respondent's determination of negligence. Rule 142(a); Bixby v. Commissioner,58 T.C. 757 (1972), Enoch v. Commissioner,57 T.C. 781 (1972). We thus hold that petitioner was negligent both in failing to include the gain from the coin sales and the interest received from the investment of the proceeds of that sale in his reported income. Petitioner considered the coins to be his and treated the proceeds from their sale as his. Under these circumstances it was negligent for him not to include in his income the interest on the investment of those proceeds. Because the underpayment is attributable to negligence the addition under section 6653(a)(1) is applicable. In addition, because the entire underpayment is attributable to negligence the section 6653(a)(2) addition is applicable to the entire underpayment. Bell v. Commissioner,85 T.C. 436, 442 (1985). Because the deficiency has been paid, which effectively stopped the running of interest, *495 the section 6653(a)(2) addition has effectively been reduced. Petitioner further argues that the section 6o653(a)(2) addition is not applicable to taxable year 1981 because the effective date of the statute is December 31, 1981 and it therefore applies to taxable years commencing after such time. Pub. L. 97-34, section 722(b)(1), which amended section 6653(a), was effective with respect "to taxes the last date prescribed for payment of which is after December 31, 1981." Section 6072 prescribes the time for filing income tax returns. Generally a calendar year, individual taxpayer is required to file his return on or before the fifteenth day of April of the succeeding taxable year. Section 6072(a). Petitioner's last day for filing his 1981 return was thus April 15, 1982. Section 6513 generally provides that returns filed prior to the last day prescribed for filing will be considered filed on that last day and that payment of any part of the tax prior to the last day for payment will be considered paid on that last date. Section 6513(b) specifically provides that for any tax deducted and withheld at source during the calendar year or paid as estimated tax during the year (which *496 the petitioner as the recipient of pension income would be subject to) shall be deemed to have been paid on the 15th day of the fourth month following the close of the taxpayer's taxable year or the last day prescribed for filing under section 6012. Consequently, the last day prescribed for petitioner to have paid his 1981 income tax without the imposition of an addition to tax was April 15, 1982 -- which is clearly after December 31, 1981. We hold the section 6653(a)(2) addition is applicable to petitioner's taxable years 1981 and 1982. [6]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner testified that from time to time he would give his father money to purchase a coin for him. Since the record does not disclose which coins, if any, in Samuel Cox's collection were purchased with funds supplied by petitioner, we have no basis for making a specific finding in this respect. This fact is immaterial to the determination of the deficiency since the parties agreed to the amount of capital gain from sale of the coins includable in petitioner's income in 1981. ↩
3. Section 6653(a) reads as follows: SEC. 6653. FAILURE TO PAY TAX. (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating tin windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax). ↩
4. Petitioner refers to I.R.S.L.R. 8527012↩, March 29, 1985, for this position. 5. Petitioner argues that under Maryland law, since his father had no will, two thirds of his father's estate was inherited by him. For this reason and also because he had furnished the money to purchase some of the coins, it is his position that all the coins were his. The parties have effectively accepted this position by agreeing that none of the coins were given to petitioner by Sophia Cox. ↩
6. In a number of cases we have held section 6653(a)(2) applicable to the calendar year 1981 without discussion of the contentions similar to those made by petitioners in this case. See for example Bell v. Commissioner,855 T.C. 436, 442 (1985); Sigelbaum v. Commissioner,T.C. Memo. 1986-472; Woo v. Commissioner,T.C. Memo. 1985-494↩.