KURT ORBAN COMPANY, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6941-86.          Filed February 17, 1988.

*Allen Greenberg,* for the petitioner.
*Richard J. Sapinski,* and *Theodore Marasciulo, Jr.,* for the respondent.

## OPINION

RUWE, *Judge:** In a notice of deficiency, dated December 13, 1985, respondent determined a deficiency in petitioner's 1981 withholding tax[1] and additions to tax as follows:

| Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
|---|---|---|---|---|
| | | | *Additions to tax* | |
| $108,000 | $24,300 | $21,060 | $5,400 | 50 percent of interest due on underpayment of $108,000. |

---

*By Order of the Chief Judge, this case was reassigned to Judge Robert W. Ruwe for disposition.

[1]There is no dispute that the Commissioner's determination of a deficiency in withholding tax is a "deficiency" for purposes of sec. 6211(a), over which this Court has jurisdiction under sec. 6213. See *Coldwater Seafood Corp. v. Commissioner,* 69 T.C. 966 (1978).

All section references are to the Internal Revenue Code of 1954 as amended and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise indicated.

After concessions by both parties, the issue for decision is whether the effective date of section 6653(a)(2) makes this section applicable to an underpayment of withholding tax by petitioner for the year 1981.

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference.

Petitioner, a New York corporation, was engaged in buying and selling steel and steel products prior to and during the year in issue. Petitioner's principal place of business was in Belmont, California, when the petition in this case was filed.

During 1981, petitioner owned 100 percent of the stock of Claremont Insurance Services, Ltd. (Claremont), and Intercargo, Ltd. (Intercargo). Both Claremont and Intercargo were incorporated under the laws of Bermuda and did business outside Bermuda from a Bermuda address.

During 1980, Claremont and Intercargo loaned petitioner $2 million and $1 million, respectively. Petitioner repaid both loans in November 1981, together with interest payments of $240,000 to Claremont and $120,000 to Intercargo.

Petitioner did not withhold or pay tax on the November 1981 interest payments to Claremont and Intercargo as required by section 1442, nor did petitioner file a Form 1042 for 1981 with respect to these interest payments as required by section 1461. Neither Claremont nor Intercargo paid any tax with respect to the interest payments they received from petitioner in November 1981.[2]

Respondent determined the deficiencies and additions to tax, including the disputed addition to tax pursuant to section 6653(a)(2), based on petitioner's obligation to withhold a tax of 30 percent on the interest which it paid to its two wholly owned foreign corporations during the year 1981. Petitioner conceded its liability for the entire deficiency in tax and additions to tax under sections 6653(a)(1) and 6651(a)(1).[3] Respondent conceded the addition to tax

[2]The tax liability of Claremont and Intercargo arose under sec. 881, which imposes a tax on interest income received by a foreign corporation from sources within the United States which is not connected with the conduct of a trade or business within the United States.

[3]Petitioner also agreed to an increased addition to tax under sec. 6651(a)(1) in the amount of $2,700.

under section 6651(a)(2). The remaining issue concerns the applicability of section 6653(a)(2). The parties agree that if the addition to tax under section 6653(a)(2) is applicable, it applies to the entire underpayment of tax.

Section 6653(a)(2) was added to the Code by section 722(b)(1) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 342. This section provides that if any part of an underpayment of tax is due to negligence or intentional disregard of the rules and regulations, there shall be added to the tax, in addition to the 5-percent addition already provided by section 6653(a)(1), an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence. The addition to tax under section 6653(a)(2) is imposed for the period beginning on the last day prescribed by law for payment of such underpayment. Section 6653(a)(2) is applicable to taxes "the last date prescribed for payment of which is after December 31, 1981." Pub. L. 97-34, 95 Stat. 172, 342-343 (1981). To determine whether section 6653(a)(2) applies in this case we must determine "the last date prescribed for payment" of the 30-percent withholding tax imposed on petitioner under sections 1442 and 1461.

Section 1441 generally requires a person paying specified items of income (including interest) to any nonresident alien individual or foreign partnership, to deduct and withhold a tax of 30 percent from such payment. Section 1442(a) requires a 30-percent tax to be withheld in the same manner and on the same items of income as set forth in section 1441 where income is paid to a foreign corporation subject to taxation.

The requirement to deduct and withhold tax under section 1442 also gives rise to a liability on the part of the payor, pursuant to section 1461, to the extent that the liability is not paid by the recipient of the income.

Section 6302(c) gives the Secretary authority to prescribe the use of designated financial institutions to receive taxes, and the manner, times, and conditions for depositing such taxes. Section 1.6302-2(a), Income Tax Regs., requires the withholding agent (payor of the income) to deposit taxes withheld under section 1442 in a designated financial

institution within a short time after they are withheld. The timing of the deposits required by the regulations vary;[4] however it is undisputed that the regulations would have required the taxes in issue to be deposited prior to the end of December 1981.

In addition to the requirements to withhold and deposit, the payor of income subject to withholding under section 1442 was also required to file an annual return of the tax required to be withheld. The return, Form 1042, was due on or before March 15 of the year following the calendar year in which the tax was required to be withheld. Sec. 1.1461-2(b), Income Tax Regs. In petitioner's case, the return was due on March 15, 1982.

Petitioner's position is that, since it was required to withhold and deposit 30 percent of the interest paid to its subsidiaries into a designated financial institution, and that such deposits were required to be made before the end of December 1981, the addition to tax pursuant to section 6653(a)(2) does not apply since it is applicable only to taxes the last date for payment of which is after December 31, 1981. For the following reasons, we disagree with petitioner's position.

A tax deposit is not automatically equated with a payment. Section 6302(c), which is the source of the deposit requirement authority in this case, empowers the Secretary to prescribe methods of collecting tax including the use of Government depositaries. Section 6302(c) also states, however, that in addition to prescribing such methods, the Secretary "shall prescribe the manner, times, and conditions under which the receipt of such tax * * * is to be treated as payment of such tax to the Secretary." Pursuant to this authority, the Secretary has provided that deposits of tax withheld on income paid to foreign corporations "shall be considered as paid on the last day prescribed for filing the return (Form 1042) in respect of such tax * * * or at the

---

[4]If the aggregate amount of undeposited taxes required to be withheld equals or exceeds $200 at the end of a calendar month, deposits must be made within 15 days after the close of the calendar month, except that if aggregate undeposited taxes equal or exceed $2,000 at the close of any quarter-monthly period, deposits must be made within 3 banking days after the close of the quarter-monthly period. If the aggregate amount of undeposited taxes required to be withheld is less than $200, deposits must be made on or before Mar. 15, of the following calendar year. Sec. 1.6302-2(a), Income Tax Regs.

time deposited, whichever is later." Sec. 1.6302-2(b)(5), Income Tax Regs.[5]

Of at least equal importance in determining the last date prescribed for payment is the fact that section 1.1461-3(a)(2), Income Tax Regs., provides that "If for any reason the total amount of tax required to be returned [on Form 1042] * * * has not been deposited * * * the withholding agent shall pay the balance of tax due for such year to the [Internal Revenue Service Center, Philadelphia] * * * when filing Form 1042 for such year." Even if we were to consider the required deposit as a "payment" that was prescribed to be paid before the end of 1981, the *last* date prescribed for payment would still be March 15, 1982, the due date of the Form 1042 return.

In this case, petitioner could have avoided the addition to tax for negligence after the enactment of section 6653(a)(2) and after its stated effective date, because there simply would have been no deficiency had petitioner filed a correct Form 1042 by March 15, 1982. See sec. 6211. We can perceive no reason why Congress would have intended to eliminate application of the newly enacted provisions of section 6653(a)(2) to a taxpayer in petitioner's situation.[6] The last date prescribed for payment of the 30-percent withholding tax in this case was March 15, 1982. Accord-

---

[5]Petitioner counters that this portion of sec. 1.6302-2, Income Tax Regs., is a mere fiction created for the purpose of commencing the running of the statute of limitations. The impact of the regulation is more than that. Under sec. 6601(a), interest begins to run on "the last date prescribed for payment" of the tax. Ch. 62 of subtitle F of the Code provides rules for determining the last date prescribed for payment of tax for purposes of sec. 6601(a). Sec. 6601(b). Under ch. 62, sec. 6302(c) and sec. 1.6302-2, Income Tax Regs., control the time for payment of tax in the case of payments to Government depositaries. Sec. 6151(b); sec. 1.6151-1(d)(2), Income Tax Regs. Thus, sec. 1.6302-2, Income Tax Regs., also controls when interest begins to run under sec. 6601(a) on the deficiency here in issue, and the addition to tax under section 6653(a)(2) is linked to the interest payable under section 6601(a).

[6]The explanation of sec. 6653(a)(2), prepared by the Staff of the Joint Committee on Taxation provides, in part, that:

"The addition to tax is 50 percent of the interest for the period beginning on *the last day for payment of the underpayment (i.e., the due date of the return* without regard to any extension of time for payment) * * * [Staff of the Joint Comm. on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 336 (Pub. L. 97-34, 95 Stat. 172, 342). Emphasis supplied.]"

This passage is support for our finding that in enacting sec. 6653(a)(2), Congress generally equated "the last date for payment" with "the due date of the return."

ingly, an addition to tax may be imposed under section 6653(a)(2).

*Decision will be entered under Rule 155.*