T.C. Memo. 1997-69

UNITED STATES TAX COURT

DEBORAH K. SKYRMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7503-95.                    Filed February 10, 1997.

Leslie J. Barnett, for petitioner.

Avarian R. McKendrick, for respondent.


MEMORANDUM OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b) of the Code and Rules 180, 181, and 182.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined additions to petitioner's Federal income tax for the years 1979 through 1982 as follows:

| | Additions to Tax | | |
|---|---|---|---|
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2)[1] | Sec. 6659 |
| 1979 | $211 | applies | $1,266 |
| 1980 | 189 | applies | 1,137 |
| 1981 | 22 | applies | 131 |
| 1982 | 221 | applies | 742 |

1. Fifty percent of the interest due on the portion of the underpayment attributable to negligence for the years 1979, 1980, 1981, and 1982.

In a Stipulation of Settled Issues the parties agree that "all issues that relate to the additions to tax" have been conceded except liability for the negligence additions to tax for the taxable years 1979 through 1982 and the applicability of section 6659 "for the taxable year 1981." The stipulation limiting the contest of the application of section 6659 to the 1981 year is by way of a handwritten addendum to paragraph 2 of the stipulation agreement. At trial, respondent's counsel read into the record the stipulated paragraph with the added language. Although petitioner's counsel made a correction to the reading of the paragraph, it was not with respect to the language addressing the year of the 6659 addition.[2]

In view of the record, we interpret paragraph 2 of the stipulation of settled issues as a concession by petitioner of

---

[2]On brief, petitioner addressed the sec. 6659 addition only as it relates to the year 1981.

the section 6659 additions to tax for all years at issue except 1981. Thus, the issues remaining for decision are: (1) Whether the period for assessment of the additions to tax expired prior to the issuance of the respective notices of deficiency in this case;[3] (2) whether petitioner is liable for the additions to tax under section 6653(a)(1) and (2) for each of the years 1979, 1980, 1981, and 1982; and (3) whether petitioner is liable for the addition to tax under section 6659 for the year 1981.

Some of the facts have been stipulated and are so found. The stipulation of settled issues, the stipulation of facts, and the attached exhibits are incorporated herein by reference. Petitioner resided in Tampa, Florida, when the petition was filed in this case.

Background

The parties agree that this case is part of a "tax shelter project" involving plastics recycling machines and that petitioner, through a partnership, took deductions and credits relating to recycling machines.

Petitioner is a 1971 graduate of Florida State University. From her graduation in 1971 through the year 1980, petitioner was employed in increasingly more responsible positions by Maas Brothers Department Store (Maas Bros). Petitioner described Maas

---

[3]At trial, petitioner in an Amendment to Petition raised as a defense the period of the statute of limitations. Concurrently, petitioner filed a motion to dismiss that we recharacterized as a motion for summary judgment and denied.

Bros as a publicly traded company. By the time she left employment at Maas Bros, petitioner had become a women's clothing buyer for the store.

In her position as a buyer, before submitting orders to manufacturers for clothing, petitioner examined and evaluated the fabric and style of the clothing, the "selling history" and history of profitability of the manufacturers based upon Maas Bros' internal records.

Through management level associates at Maas Bros, petitioner met Edward P. Russell (Russell) in the year 1977. Petitioner was "impressed" with Russell and hired him as her tax return preparer. Petitioner did not investigate Russell's professional background or credentials, but he had a "good" reputation among the managers. Russell prepared petitioner's Federal income tax returns for the years 1977 through 1982.

Assisted by an attorney, petitioner in 1980 started her own clothing business under the name, Deborah Kent's, Inc. Petitioner prepared a business plan to submit to a bank in order to obtain financing for Deborah Kent's, Inc.

In 1982, petitioner had "money in a money market account and making minimal interest." Russell advised petitioner to reinvest the money she had in the money market fund. Russell told petitioner about the Republic Investment Partnership (Republic), which held a partnership interest in Davenport Recycling Associates (Davenport), a limited partnership. Russell explained

to petitioner that the investment involved "the only machine in the world that could recycle styrofoam". Russell also explained that there were tax benefits to be derived from the investment.

Petitioner decided to invest in Republic, and on December 8, 1982, she drew a check payable to Republic in the amount of $7,500 on a checking account in the name of Deborah Kent's, Inc.[4]

As a result of the $7,500 investment in Republic, petitioner on her 1982 Federal income tax return deducted a partnership loss of $5,839 and claimed an investment tax credit of $5,773 that was limited to her 1982 income tax liability (as reduced by the partnership loss) of $2,472. The $3,301 balance of the investment credit along with a business energy credit in the amount of $5,773[5] was carried back to tax years 1979, 1980, and 1981 to generate tax refund claims in the amounts of $4,848, $3,789, and $437.

---

[4]Petitioner reported on her Federal income tax return dividend income of only $290 for the year 1982. We therefore assume that the check drawn to Republic on the corporate checking account represents either a loan to petitioner or part of the wages that petitioner reported on the 1982 tax return. The record reveals no connection between the corporate check and petitioner's money market fund.

[5]Petitioner claimed as her portion of the basis in the recycling deal $57,727, the claimed investment credit and energy credit each representing 10 percent of her claimed basis. The parties have now stipulated that the recycling machine that generated the partnership deductions and credits in this case was worth no more than $50,000. The record does not reveal what percentage petitioner's indirect ownership was in Davenport, the entity that apparently owned or leased the machine.

Petitioner's investment in Republic represents almost 40 percent of her reported taxable income for 1982. She did not have an attorney or accountant examine the investment. Petitioner relied on Russell's verbal explanation of the partnership and did not read the offering memorandum. Russell told her that he had investigated "the partnership", and petitioner "felt" that he had thoroughly investigated the investment.

Although she was told in 1985 that "they were having success in placing these machines," petitioner apparently took no action to monitor her investment. It was in 1985 that petitioner last spoke to Russell who filed for bankruptcy under Chapter 7 in that year.

In January of 1995 petitioner for the first time received notice that the investment tax credits from Republic were not proper. On April 7, 1995, she paid the assessed taxes and interest due as a result of respondent's disallowance of the Republic deductions and credits.

In notices of deficiency for affected items issued on February 17, 1995, respondent determined that the underpayments of taxes for the years 1979 through 1982 are subject to the negligence additions of section 6653(a)(1) and (2), and that the tax underpayments are attributable to a valuation overstatement as described in section 6659.

Discussion

Statute of Limitations

As a result of the declaration of bankruptcy in 1985 by Russell, the general and Tax Matters Partner for Republic, petitioner argues that the additions to tax determined by respondent became nonpartnership items the period of assessment for which was 3 years from the filing of her 1979 through 1982 returns. Petitioner contends that the period for assessment of the additions to tax in this case expired prior to the issuance of the notice of deficiency. Petitioner bears the ultimate burden of proof on this issue. Rule 142(a); Adler v. Commissioner, 85 T.C. 535, 540 (1985).

Petitioner cites no legal authority for her position, nor does she provide a legal theory upon which we might decide the "bankrupt partner" issue in her favor.[6]

As a further basis for her position that the period for assessment has expired, petitioner alleges that she was entitled to notice of the administrative proceedings against Davenport,

---

[6]As respondent points out, sec. 301.6231(c)-7T, Temporary Proceed. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1987), provides for treating as nonpartnership items the partnership items of a partner who is the debtor in bankruptcy. Petitioner is not a partner who was a debtor in bankruptcy for the years at issue.

Although not specifically cited by petitioner, to the extent she relies on Third Dividend/Dardanos Associates v. Commissioner, T.C. Memo. 1994-412, revd. 88 F.3d 821 (9th Cir. 1996), we find the facts of that case distinguishable.

and she received none.  Petitioner, an indirect partner under section 6231(a)(10), has not alleged that she was identified as a partner entitled to notice under section 6223(c).  Further, the record is bereft of any facts that would allow us to conclude that petitioner was entitled to notice from respondent under section 6223.

Finally, petitioner prays, should the Court find the statutory notice of deficiency was not issued timely, that the Court direct respondent to make available to her any settlement offer that was made available to other partners of Davenport. Since we find the notice of deficiency to have been issued timely, we shall not address this issue.

### Negligence

Petitioner argues that her investment in Davenport through Republic was:  (1) Without tax motivation; (2) made by an unsophisticated investor based upon the advice of a competent, independent professional; (3) therefore not negligent; and (4) in any event, not subject to the section 6653(a)(2) addition to tax for her returns due prior to January 1, 1982 (tax years 1979 and 1980).

Respondent's determinations, contained in the notice of deficiency, are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6653(a)(1) imposes an addition to tax if any portion of an underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) imposes an addition to tax in an amount equal to 50 percent of the interest due on the portion of the underpayment attributable to negligence.

Negligence is defined as the failure to exercise the due care that a reasonable and ordinarily prudent person would employ under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Thus, to avoid imposition of the addition to tax, petitioner must prove that her actions in connection with the deductions and credits from the plastics recycling venture were reasonable in light of her experience and the nature of the investment. See Henry Schwartz Corp. v. Commissioner, 60 T.C. 728, 740 (1973); Lucas v. Commissioner, T.C. Memo. 1995-341.

The exact nature of the investment here is not clear from the record. No prospectus or offering memorandum was introduced, few facts on the nature of the investment were stipulated, and no witnesses save for petitioner testified at trial.

We are able to determine from the stipulations, pleadings, motions and responses of the parties that petitioner was an indirect investor in a limited partnership that generated deductions and credits based at least in part upon the value of one or more plastics recycling machines.

Respondent argues[7] that the underlying investment in this case is similar to that in Provizer v. Commissioner, T.C. Memo. 1992-177, affd. without published opinion 996 F.2d 1216 (6th Cir. 1993). Petitioner in her brief represents that "This case is substantially similar to" Zidanich v. Commissioner, T.C. Memo. 1995-382 (underlying transactions and recyclers were the same as those considered in Provizer v. Commissioner, supra). Petitioner distinguishes Provizer on bases other than the substance of the underlying transaction. We therefore assume that the underlying transaction in this case is similar to that of Provizer, where we held that the transaction was a sham and lacked economic substance.[8]

Petitioner contends that she was an "unsophisticated" investor with no "formal training or work experience in investments" and that she relied on Russell in making the investment. She complains that she should not have to "independently investigate every detail of her investment".

---

[7]Although we have characterized respondent's position as one of argument, she considers it stipulated that the underlying transactions here are analogous to those in Provizer v. Commissioner, T.C. Memo. 1992-177, affd. without published opinion 996 F.2d 1216 (6th Cir. 1993). Paragraph 2 of the stipulation of settled issues is ambiguous, but may be so interpreted.

[8]Even absent this assumption it would be petitioner's burden to prove the context in which the deductions and credits were taken. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Petitioner argues that she was not motivated by tax savings in making the investment and did not claim tax benefits "grossly exceeding her investment".

Whether a taxpayer had a subjective profit motive may not be dispositive in determining that she acted negligently. Klieger v. Commissioner, T.C. Memo. 1992-734. Under some circumstances, however, a taxpayer may avoid liability for the additions to tax for negligence under section 6653(a) if reasonable reliance on a competent professional adviser is shown. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Such reliance is not an absolute defense to negligence but is merely a factor to be considered. Id.

For reliance on professional advice to excuse a taxpayer from the negligence additions to tax, the taxpayer must show that the professional adviser had the expertise and knowledge of the pertinent facts to provide informed advice on the subject matter. Id.; Stone v. Commissioner, T.C. Memo. 1996-230; Reimann v. Commissioner, T.C. Memo. 1996-84.

Petitioner has failed to introduce any evidence regarding Russell's expertise in tax matters, that he knew anything about the nontax business aspects of the recycling venture, or that he conferred with experts in the field of plastics recycling.

A taxpayer may not have to investigate "every detail" of an investment, but petitioner failed to investigate any detail of her investment in Republic. She, a college graduate and independent businesswoman, failed even to take the most basic step of asking for and reading the pertinent portions of an offering memorandum describing the recycling program. Instead, petitioner chose to invest an amount representing 40 percent of her 1982 reported taxable income in reliance on the advice of a return preparer about whose professional credentials she had no knowledge.

Petitioner's curiosity was apparently not even piqued by her recovery of her $7,500 "investment" and an immediate "profit" of over $5,000 (considering Federal tax deductions and credits), no matter what happened to the recycler program as a business. A reasonably prudent person would have asked a competent tax adviser if this windfall were not "'too good to be true'". See Pasternak v. Commissioner, 990 F.2d 893, 903 (6th Cir. 1993) (quoting McCrary v. Commissioner, 92 T.C. 827, 850 (1989)), affg. Donahue v. Commissioner, T.C. Memo. 1991-181.

Petitioner should have exercised the same standard of care in considering the Republic recycling investment as she routinely exercised in her position as a buyer for Maas Bros and, we presume, in running her own business. Based on this record, we

conclude that petitioner's reliance on the alleged expertise of Russell was neither reasonable nor prudent.

Application of Section 6653(a)(1) and (2) to 1979 and 1980

Petitioner argues that respondent erred in her determination that the addition to tax under section 6653(a)(2) applies to her underpayments of tax for 1979 and 1980 because this provision is effective only for returns due after December 31, 1981.

Paragraph (2) of section 6653(a) was added to the Code by section 722(b) of the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 172, 342. The provision was meant to augment the existing negligence penalty and to "encourage accurate and good faith actions in compliance with tax laws." H. Rept. 97-201, at 245 (1981), 1981-2 C.B. 352, 399.

ERTA section 722(b)(2), 95 Stat. 342, provides that section 6653(a)(1) and (2) "shall apply to taxes the last date prescribed for payment of which is after December 31, 1981." The last date prescribed for the payment of taxes for petitioner's 1979 and 1980 calendar years is April 15, 1980, and April 15, 1981, respectively. Secs. 6072(a), 6151(a). We find therefore that petitioner's position is correct; section 6653(a)(2) does not apply to her 1979 and 1980 tax returns.

Respondent has also asserted that section 6653(a)(1) applies to 1979 and 1980. For taxes due on or before December 31, 1981, the addition to tax for negligence is found in section 6653(a).

Section 6653(a) and "new" section 6653(a)(1) have substantially identical language and provide for an addition to tax equal to 5 percent of the underpayment.  Respondent's erroneous citation will not affect our previous determination that petitioner's underpayments of tax for all the years in suit, including 1979 and 1980, were negligent.  See Burrill v. Commissioner, 93 T.C. 643, 670 n.28 (1989).

The Application of the Section 6659 Addition to Tax for 1981

Petitioner alleges that respondent erred in determining an addition to tax for the year 1981 under section 6659 because the underpayment of tax for that year is less than $1,000, citing section 6659(d).

The statutory language is clear.  Subsection (d) of section 6659 provides that the section shall not apply if the underpayment attributable to the valuation overstatement is less than $1,000.  Since petitioner's underpayment of tax for 1981 is less than $1,000, we find that petitioner is not liable for an addition to tax under section 6659.

To reflect the foregoing,

Decision will be entered

under Rule 155.