T.C. Memo. 1997-429

UNITED STATES TAX COURT

ARNOLD S. AND ELLEN K. JACOBS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1333-89.                    Filed September 23, 1997.

Abraham Gutwein and Ira Akselrad, for petitioners.

Louis A. Ramunno and Paulette Segal, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Norman H. Wolfe pursuant to the provisions of section
7443A(b)(4) and Rules 180, 181, and 183.  All section references
are to the Internal Revenue Code in effect for the tax year in

issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

WOLFE, Special Trial Judge: Respondent determined a deficiency in petitioners' 1981 joint Federal income tax in the amount of $27,751, plus additions to tax for that year in the amount of $8,325.30 under section 6659 for valuation overstatement, in the amount of $1,387.55 under section 6653(a)(1) for negligence, and under section 6653(a)(2) in an amount equal to 50 percent of the interest due on the underpayment attributable to negligence.[1] Respondent also determined that interest on the deficiency accruing after December 31, 1984, would be calculated at 120 percent of the statutory rate under section 6621(c).

In a Stipulation of Settled Issues, the parties agreed to a reduced deficiency in the amount of $26,749, plus reduced additions to tax in the amount of $6,475 under section 6659 for valuation overstatement and in the amount of $1,337 under section 6653(a)(1) for negligence. The parties also agreed that the underpayment of $26,749 is a substantial underpayment

---

[1] In the notice of deficiency, respondent refers to sec. 6653(a)(1)(A) and (B). For 1981, the additions to tax for negligence were provided under sec. 6653(a)(1) and (2).

attributable to a tax-motivated transaction for purposes of computing the interest payable with respect to such amount, pursuant to section 6621(c). With respect to the addition to tax under section 6653(a)(2), petitioners concede that the entire underpayment of income tax is due to negligence, but dispute the applicability of section 6653(a)(2).

The sole issue for decision is whether the effective date of section 6653(a)(2) precludes application of that section to a portion of the deficiency equal to three installments of estimated tax paid during 1981.

The parties submitted this case fully stipulated. The stipulated facts and attached exhibits are incorporated herein by this reference. Petitioners resided in New York, New York, at the time their petition was filed.

On April 15, June 17, and September 18, 1981, petitioners made three payments of estimated tax for taxable year 1981, each in the amount of $13,000.[2] Petitioners made a fourth and final payment of estimated tax for taxable year 1981 on January 18, 1982, in the amount of $30,000. On April 15, 1982, petitioners filed a Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, and included a payment of $10,000. After requesting another extension of time to file,

---

[2]    Also on Apr. 15, 1981, an overpayment in the amount of $3,388 from the prior tax period was credited towards petitioners' 1981 estimated tax.

petitioners filed their 1981 return in August 1982 and claimed an overpayment of $12,255.

During 1981, petitioner Arnold S. Jacobs acquired a 1.547-percent interest in the Clearwater Group (Clearwater), a limited partnership that leased six Sentinel expanded polyethylene (EPE) recyclers. Respondent determined the deficiency and additions to tax for petitioners for 1981 as a consequence of disallowance of a loss deduction and investment tax and business energy credits claimed by petitioners on their 1981 return and resulting from their interest in Clearwater. The parties resolved all of the issues raised by the notice of deficiency except for the application of section 6653(a)(2).

Section 6653(a)(2) was added to the Code by section 722(b)(1) of the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 172, 342. Under this section, if any part of an underpayment of tax is due to negligence or intentional disregard of the rules or regulations, there shall be added to the tax, in addition to the 5-percent addition provided by section 6653(a)(1), an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment attributable to negligence. The section 6653(a)(2) addition to tax is imposed for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of

the payment of the tax). Sec. 6653(a)(2)(B). ERTA sec. 722(b)(2) provides that section 6653(a)(2) applies "to taxes the last date prescribed for payment of which is after December 31, 1981."

Petitioners argue that the first three of their four required installment payments of 1981 estimated tax were made during 1981 and were payments of income tax, the last respective dates for payment of which were all before December 31, 1981. Consequently, according to petitioners, the section 6653(a)(2) addition to tax is inapplicable to three quarters of their underpayment. We disagree.

The relevant provisions of the Code are in subtitle F (procedure and administration), chapters 61, 62, 63, 64, and 66 (concerning information and returns, time and place for paying tax, assessment, collection, and limitations, respectively). Secs. 6072, 6151, 6201, 6211, 6315, 6501, 6513. These provisions reflect the annual nature of the income tax and the recognition in the Code that installment payments of estimated tax "are merely prepayments, not payments of the tax itself." In re Ripley, 926 F.2d 440, 447 (5th Cir. 1991). Section 6315 provides that "Payment of the estimated income tax, or any installment thereof, shall be considered payment on account of the income taxes imposed by subtitle A for the taxable year." (Emphasis added.)

Section 6151(a) provides that generally a person required to make a return of tax is required to pay such tax at the time and place fixed for filing the return (determined without regard to any extension of time for filing the return).[3]  Section 6072(a), which prescribes the time for filing income tax returns, provides that an individual taxpayer on the calendar year basis must file his return on or before the fifteenth day of April following the close of the calendar year.  Petitioners' last day for filing their 1981 return and paying the tax thereon (determined without regard to any extension) was April 15, 1982.

Section 6513 prescribes the time a return is deemed filed and the tax is considered paid.  Subsection (a) of section 6513 provides:

> For purposes of section 6511 [relating to limitations on credit or refund], any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day.  For purposes of section 6511(b)(2) and (c) and section 6512 [relating to limitations in case of petition to Tax Court], payment of any portion of the tax made before the last day prescribed for the payment of the tax shall be considered made on such last day.* * *

Section 6513(b)(2) provides that for purposes of section 6511 or 6512, "Any amount paid as estimated income tax for any taxable year shall be deemed to have been paid on the last day prescribed

---

[3]    Sec. 6151(c) provides:  "In any case in which a tax is required to be paid on or before a certain date, or within a certain period, any reference in this title to the date fixed for payment of such tax shall be deemed a reference to the last day fixed for such payment (determined without regard to any extension of time for paying the tax)."

for filing the return under section 6012 for such taxable year". Although by its own terms section 6513 applies for the purposes of section 6511 or 6512 this statutory treatment of early filed returns, early payments of tax, and payments of estimated income tax is consistent with other provisions of the Code, and we consider it highly instructive with respect to the issue in this case. See In re Ripley, supra; Cox v. Commissioner, T.C. Memo. 1987-482.

Section 6201, which prescribes the Commissioner's assessment authority, provides that "No unpaid amount of estimated tax under section 6153 or 6154 shall be assessed." Sec. 6201(b)(1). Section 6211 defines the term "deficiency" by reference to the tax shown on the taxpayer's return, and specifically provides that the "tax imposed by subtitle A and the tax shown on the return shall both be determined without regard to payments on account of estimated tax". (Emphasis added.) Sec. 6211(a)(1)(A) and (b)(1). Consistent therewith, section 6501 provides that the limitations period within which the Commissioner must assess a tax deficiency starts when the return is filed--not when an installment payment was due--and a return of tax filed before the last day prescribed therefor is deemed filed on such last day. Sec. 6501(a) and (b)(1). All these provisions reflect that the last day prescribed for payment of the tax is the last day for filing the return, irrespective of any installment payments of estimated tax.

The terms of section 6211 are expressly incorporated into section 6653(a).  Section 6653(a)(2) applies "to the portion of * * *[an] underpayment described in paragraph (1)" of section 6653, which in turn refers to the definition of the term "underpayment" provided in subsection (c)(1) of section 6653. Section 6653(c)(1) provides, in relevant part, that the term "underpayment" means, "In the case of a tax to which section 6211 * * * is applicable, a deficiency as defined in that section". Accordingly, an underpayment, or "deficiency", to which section 6653(a)(2) applies is determined by reference to the tax shown on the return, without regard to any payments on account of estimated tax.  The express interplay between section 6211 and section 6653(a) strongly suggests that in enacting section 6653(a)(2), Congress equated "the last date for payment" with the due date of the return.[4]

Our conclusion here is not novel but is consistent with a series of cases in which the issue in this case has been considered under various circumstances.  See In re Ripley, supra; Kurt Orban Co. v. Commissioner, 90 T.C. 275 (1988); Skyrms v.

---

[4]     The explanation of sec. 6653(a)(2) prepared by the Staff of the Joint Comm. on Taxation states in part:  "The addition to tax is 50 percent of the interest for the period beginning on the last day for payment of the underpayment (i.e., the due date of the return without regard to any extension of time for payment)".  (Emphasis added.)  Staff of the Joint Committee on Taxation, General Explanation of the Economic Recovery Tax Act of 1981, at 336 (J. Comm. Print 1991) (Pub. L. 97-34, 95 Stat. 172, 342).

Commissioner, T.C. Memo. 1997-69; Cox v. Commissioner, supra.  In
Ripley, a bankruptcy case, the Court of Appeals for the Fifth
Circuit held that, in view of the provisions of the Code
discussed above, a payment of estimated tax is not the equivalent
of a payment of income tax, and that the income tax is due and
payable on the due date of the return, irrespective of whether
the taxpayer made payments of estimated tax for the year.  This
Court held, in the Kurt Orban Co. and Cox cases, respectively,
that the effective date of section 6653(a)(2) did not preclude
its application to underpayments of withholding tax for 1981
required by section 1442, or a 1981 deficiency resulting from the
taxpayers' negligent failure to report income received during
1981.

Petitioners mistakenly rely on two revenue rulings that are
inapposite to the issue before us:  Rev. Rul. 79-69, 1979-1 C.B.
134; and Rev. Rul. 71-190, 1971-1 C.B. 70.  These rulings concern
the effect of estimated taxes on the earnings and profits of a
corporation, and the deductibility of estimated payments of State
income taxes, respectively.[5]  We consider them distinguishable
and unpersuasive with respect to the issue in the present case,

_____

[5]    Rev. Rul. 79-69, 1979-1 C.B. 134, provides that mandatory
estimated payments of Federal income taxes should reduce earnings
and profits of a cash-basis corporation in the year of payment.
Rev. Rul. 71-190, 1971-1 C.B. 70, provides that mandatory
estimated payments of State income taxes are deductible for
Federal income tax purposes by a cash-basis corporation in the
year of payment.

and we note that revenue rulings are not ordinarily precedential in this Court.  <u>Gordon v. Commissioner</u>, 88 T.C. 630, 635 (1987).

Based on the foregoing, we hold that section 6653(a)(2) applies to the full amount of the deficiency agreed upon by the parties.

<u>Decision will be entered</u>

<u>under Rule 155</u>.