DONALD V. CROWELL AND JOANNE CURRIE-CROWELL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 364–93.                    Filed April 28, 1994.

Donald V. Crowell and Joanne Currie-Crowell, pro sese.
*Steven M. Roth* and *David A. Winsten*, for respondent.

OPINION

DAWSON, *Judge*: This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to section

7443A(b)(4) and Rules 180, 181, and 183.[1] This Court agrees with and adopts the opinion of the Chief Special Trial Judge which is set forth below.

OPINION OF THE CHIEF SPECIAL TRIAL JUDGE

PANUTHOS, *Chief Special Trial Judge*: This matter is before the Court on respondent's motions, one filed on March 1, 1993, and the other on March 8, 1993, each seeking to dismiss for lack of jurisdiction and to strike a portion of the petition. The issues to be decided involve the scope of this Court's jurisdiction in a so-called affected items proceeding. One of the central issues is whether the Court has jurisdiction to consider the validity of a deficiency notice for affected items on the ground that petitioners were not properly notified of the underlying partnership level proceedings.

## Background

Donald V. Crowell and Joanne Currie-Crowell (petitioners) were partners in a partnership known as Wind 2 during the 1983 and 1984 taxable years. The Schedule K-1 filed with the partnership's 1983 return lists petitioners' address as 4122 Oak Hollow Rd., Calabasas, California 91302 (the Calabasas address).[2] In October 1989, petitioners moved to 2920 Salmon River, Westlake Village, California 91362 (Westlake Village address). Petitioners separated in August 1990. At that time, Mr. Crowell moved to 300 Rolling Oaks Dr., #146, Thousand Oaks, California 91361, while Mrs. Crowell continued to reside at the Westlake Village address. Petitioners listed the Westlake Village address on their Federal income tax returns for the years 1989, 1990, and 1991.

On October 5, 1987, respondent mailed petitioners a notice of the beginning of an examination of the Wind 2 partnership return for the 1983 taxable year. The notice was mailed to petitioners at the Calabasas address.

On September 13, 1991, respondent mailed a notice of final partnership administrative adjustment (FPAA) covering the years 1983 and 1984 to the tax matters partner for Wind 2.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The record does not include the Schedule K-1 filed with the partnership's 1984 return; thus, we do not know what address was listed for petitioners for that year.

On October 16, 1991, respondent mailed a copy of the FPAA for the 1983 taxable year to petitioners at the Westlake Village address. Respondent asserts that a copy of the FPAA for the 1984 taxable year was mailed to petitioners at the Westlake Village address on the same date although respondent has not been able to produce a copy of the FPAA itself.[3] No petition for readjustment was filed with respect to the FPAA for either 1983 or 1984.

On October 8, 1992, respondent mailed petitioners a notice of deficiency for affected items for the 1983 taxable year determining additions to tax for negligence under section 6653(a)(1)(A) in the amount of $229.25 and section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $4,585, as well as an addition to tax for valuation overstatement under section 6659(a) in the amount of $1,375.50. The additions to tax are affected items in that they were determined by respondent with reference to a deficiency purportedly owing from petitioners as a result of adjustments to partnership items appearing on Wind 2's 1983 partnership return. The affected items deficiency notice was mailed to petitioners at the Westlake Village address. Respondent did not mail petitioners an affected items deficiency notice for the 1984 taxable year.

Respondent assessed deficiencies against petitioners reflecting their share of adjustments to Wind 2's partnership items for 1983 and 1984 on November 2, 1992, and November 9, 1992, respectively.

On January 6, 1993, petitioners filed a petition for redetermination with respect to the affected items deficiency notice listing their current address as the Westlake Village address. The petition attempts to place in dispute not only the additions to tax listed in the affected items deficiency notice for 1983 but also the deficiency (and interest) attributable to petitioners' share of Wind 2 partnership items for the years 1983 and 1984. The petition includes the following allegations:

4. The determination of the tax, penalties and interest set forth in the said notice of deficiency are being contested on the following basis:

---

[3] The record contains a certified mailing list dated Oct. 16, 1993, indicating that an FPAA was mailed to petitioners.

(a) The investigation of WIND 2 was conducted by the Respondent in a willfully negligent manner.

(b) The respondent did violate the Privacy Act of 1974 while conducting said investigation.

(c) For the tax year 1984, the Petitioners have already received a Final Adjustment Notice and paid the required tax, penalty and interest. Respondent is placing the Petitioners in double jeopardy.

The petition includes an allegation that petitioners did not receive the FPAA covering the 1983 taxable year until October 1992.

As indicated, respondent filed a motion to dismiss for lack of jurisdiction and to strike on March 1, 1993. Respondent asserts that this Court's jurisdiction is limited to the items set forth in the affected items deficiency notice for the 1983 taxable year. Respondent further asserts that petitioners have improperly attempted to contest the deficiency arising from adjustments to partnership items for Wind 2's 1983 taxable year—a deficiency that respondent asserts was properly assessed when no petition for readjustment was filed with respect to the FPAA for 1983.

Respondent filed a second motion to dismiss for lack of jurisdiction and to strike on March 8, 1993. Respondent asserts that petitioners were not issued an affected items deficiency notice relating to their investment in Wind 2 for the 1984 taxable year, and, therefore, there is no basis for this Court to exercise jurisdiction over 1984. Further, in response to petitioners' allegation that they have already paid additional tax, penalty, and interest for the 1984 taxable year, respondent provided evidence that petitioners were mailed an affected items deficiency notice setting forth additions to tax stemming from petitioners' investment in another partnership known as Sunbelt Energy on February 28, 1986. However, petitioners executed a consent to assessment with respect to the February 28, 1986, notice, on April 27, 1986.

On March 15, 1993, petitioners filed an objection to respondent's motion to dismiss for lack of jurisdiction and to strike pertaining to the 1983 taxable year. Significantly, petitioners' objection includes an allegation that they were denied due process throughout the Wind 2 partnership proceedings because they did not receive the FPAA for 1983 until October 1992.

On March 22, 1993, petitioners filed an objection to respondent's motion to dismiss for lack of jurisdiction and to strike pertaining to the 1984 taxable year. It is evident from petitioners' objection that they are attempting to contest the deficiency (and interest) attributable to petitioners' share of Wind 2 partnership adjustments for the 1984 taxable year.

Respondent was directed to file a response to petitioners' objections attaching thereto copies of the FPAA's purportedly mailed to petitioners on October 16, 1991, for the Wind 2 partnership. Respondent filed a response to the Court's order attaching thereto a copy of the FPAA for 1983.

In a supplemental response, respondent advised the Court she did not have a copy of the FPAA for 1984. However, respondent did provide the Court with a copy of a certified mail list that respondent asserted should serve as "proof" that the FPAA was indeed mailed to petitioners as alleged.

Petitioners filed a supplement to their prior objections in which they asserted that the FPAA's for 1983 and 1984 were mailed beyond the applicable limitations period. In short, petitioners attempt to raise an issue whether certain consents extending the applicable period of limitations for the Wind 2 partnership are valid.

A hearing regarding this matter was held in Los Angeles, California. Both parties appeared at the hearing and presented argument on respondent's motions to dismiss. During the course of the hearing, the Court indicated that petitioners should be permitted to question the validity of the affected items deficiency notice for 1983 on the ground that respondent failed to provide petitioners with proper notice of the underlying Wind 2 partnership proceedings. In reply, respondent stated that the Court lacks jurisdiction to consider the partnership level proceedings when a case is before the Court on a petition for redetermination from an affected items deficiency notice. Respondent also suggested that the affected items notice would be valid notwithstanding procedural irregularities in the partnership level proceedings.

*Discussion*

The tax treatment of any partnership item generally is determined at the partnership level pursuant to the unified audit and litigation procedures set forth in sections 6221

through 6231. Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97–248, sec. 402(a), 96 Stat. 648. The TEFRA procedures apply with respect to all taxable years of a partnership beginning after September 3, 1982. *Sparks v. Commissioner*, 87 T.C. 1279, 1284 (1986); *Maxwell v. Commissioner*, 87 T.C. 783, 789 n.4 (1986). Partnership items include each partner's proportionate share of the partnership's aggregate items of income, gain, loss, deduction, or credit. Sec. 6231(a)(3); sec. 301.6231(a)(3)–1(a)(1)(i), Proced. & Admin. Regs.

Affected items are defined under section 6231(a)(5) as any item to the extent such item is affected by a partnership item. *White v. Commissioner*, 95 T.C. 209, 211 (1990). The first type of affected item is a computational adjustment made to record the change in a partner's tax liability resulting from adjustments reflecting the proper treatment of partnership items. Sec. 6231(a)(6); *White v. Commissioner, supra.* Once partnership level proceedings are completed, respondent is permitted to assess a computational adjustment against a partner without issuing a deficiency notice. Sec. 6230(a)(1).

The second type of affected item requires a partner level determination. *N.C.F. Energy Partners v. Commissioner*, 89 T.C. 741, 744 (1987). Section 6230(a)(2)(A)(i) provides that the normal deficiency procedures apply to those affected items which require partner level determinations. The additions to tax for negligence and valuation overstatement are affected items requiring factual determinations at the individual partner level. *N.C.F. Energy Partners v. Commissioner, supra* at 745. It is well settled that we lack jurisdiction to consider partnership items in an affected items proceeding. *Saso v. Commissioner*, 93 T.C. 730 (1989).

I. *Respondent's Motion To Dismiss for Lack of Jurisdiction and To Strike (With Respect to the 1983 Taxable Year)*

On March 1, 1993, respondent filed a motion to dismiss for lack of jurisdiction and to strike those allegations set forth in the petition that pertain to petitioners' liability for partnership items for the 1983 taxable year. We note at the outset that there is no question that the deficiency and interest that petitioners seek to place in dispute with respect to the

1983 taxable year reflect "computational adjustments" under section 6231(a)(6); i.e., changes in petitioners' tax liability reflecting the proper treatment of Wind 2 partnership items. Because such items are not subject to the normal deficiency procedures, we ordinarily would grant respondent's motion to dismiss for lack of jurisdiction and to strike consistent with cases such as *Saso v. Commissioner, supra*.[4] Unlike the taxpayers in *Saso*, however, petitioners contend that respondent failed to properly notify them of the partnership proceedings covering the 1983 taxable year as required by section 6223(a). With respect to the instant proceeding, petitioners question whether there can be a valid affected items deficiency notice if respondent failed to provide the taxpayer with proper notice of the underlying partnership level proceedings.

For all practical purposes, petitioners' objection is tantamount to (and in the interest of judicial economy will be treated as) a motion to dismiss this case for lack of jurisdiction on the ground that the affected items notice is invalid.[5] As indicated, respondent takes the position that the validity of an affected items notice is not dependent upon proof that respondent provided the taxpayer with the notice required by section 6223(a) in the underlying TEFRA partnership proceeding. Respondent contends that we need only focus on whether the affected items notice was issued within the 1-year suspension period provided in section 6229(d). We disagree.

Section 6223(a) generally provides that respondent shall mail to each partner notice of the beginning of an administrative proceeding at the partnership level with respect to a partnership item, as well as notice of the final partnership administrative adjustment resulting from any such proceeding. It is the mailing of the FPAA that triggers the time periods for filing a petition for readjustment of the partnership items by either the tax matters partner or a notice partner under section 6226(a) and (b). Notably, section 6223(e)(2) pro-

---

[4] In *Saso v. Commissioner*, 93 T.C. 730, 734 (1989), we granted the Commissioner's motion to dismiss and to strike after specifically finding that the Commissioner properly issued notices of final partnership administrative adjustment to both the tax matters partner and the taxpayers/partners before us in that case.

[5] In *Bradley v. Commissioner*, 100 T.C. 367, 370–371 (1993), the taxpayer made the same argument under nearly identical circumstances. However, we did not address the issue due to the taxpayer's abandonment of the point on brief. On the other hand, we did consider and reject the taxpayer's argument that the affected items deficiency notice was invalid because the Commissioner did not furnish him with a "notice of computational adjustment". *Id.* at 372.

vides that respondent's failure to provide notice of partnership level proceedings to a partner may result in that partner's share of partnership items being treated as nonpartnership items.[6] See sec. 6231(b)(1)(D).

Contrary to respondent's position, we hold that under these circumstances petitioners may raise an issue respecting the validity of an affected items deficiency notice in an affected items proceeding on the ground that respondent failed to properly notify the partner of the underlying partnership proceedings. Specifically, petitioners allege that they did not receive proper notice of the Wind 2 partnership proceedings. Further, no petition for readjustment was filed with respect to the FPAA, nor have the parties indicated that a settlement was offered to Wind 2 partners. Assuming petitioners' allegation is true, and in the absence of an election by petitioners to accept the FPAA adjustments, the flush language (last sentence) of section 6223(e)(2) provides that petitioners' share of Wind 2 partnership items will be treated as nonpartnership items. Obviously, if petitioners' share of Wind 2 partnership items for 1983 is required to be treated as a nonpartnership item, the basis for (and validity of) the affected items deficiency notice for 1983 is in question. Stated another way, we fail to see how respondent can issue a valid affected items deficiency notice to a partner if that partner's share of partnership items is entitled to nonpartnership item treatment under section 6223(e). Where the validity of an affected items notice is questioned in this manner, respondent must be prepared to demonstrate that

---

[6] Sec. 6223(e) provides in pertinent part:

SEC. 6223(e). EFFECT OF SECRETARY'S FAILURE TO PROVIDE NOTICE.—

(1) APPLICATION OF SUBSECTION.—

(A) IN GENERAL.—This subsection applies where the Secretary has failed to mail any notice specified in subsection (a) to a partner entitled to such notice within the period specified in subsection (d).

* * * * * * *

(2) PROCEEDINGS FINISHED.—In any case to which this subsection applies, if at the time the Secretary mails the partner notice of the proceeding—

(A) the period within which a petition for review of a final partnership administrative adjustment under section 6226 may be filed has expired and no such petition has been filed, or

(B) the decision of a court in an action begun by such a petition has become final,

the partner may elect to have such adjustment, such decision, or a settlement agreement * * * with respect to the partnership taxable year to which the adjustment relates apply to such partner. If the partner does not make an election under the preceding sentence, the partnership items of the partner for the partnership taxable year to which the proceeding relates shall be treated as nonpartnership items.

she complied with the notice requirements set forth in section 6223(a).

In addition to the foregoing, we find practical support for our decision to resolve whether respondent complied with section 6223(a) in this affected items proceeding. Petitioners allege that they did not receive the FPAA covering Wind 2's 1983 taxable year, and, thus, as a practical matter they were unable to file a timely petition for readjustment as notice partners under section 6226(b)(1). Under the circumstances, this is the best (and perhaps only) forum in which petitioners can contest the notice issue.

Turning now to the question of the validity of the FPAA for 1983, we look first to the specific provisions governing the mailing of partnership notices. For purposes of issuing the notices specified in section 6223(a), including an FPAA, respondent is required to use the names, addresses, and profits interests shown on the partnership return for the year at issue as modified by "additional information furnished to him by the tax matters partner or any other person in accordance with regulations prescribed by the Secretary." Sec. 6223(c)(1) and (2). Further, section 301.6223(c)–1T(f), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987), provides in pertinent part:

> (f) *Service may use other information.* In addition to the information on the partnership return * * * the Service may use other information in its possession (for example, a change in address reflected on a partner's return) in administering subchapter C of chapter 63 of the Code. However, the Service is not obligated to search its records for information not expressly furnished under this section.

As is the case with a statutory notice of deficiency, the validity of a properly mailed FPAA is not contingent upon actual receipt by either the tax matters partner or a notice partner. See, e.g., *Yusko v. Commissioner*, 89 T.C. 806, 810 (1987).

Bearing section 301.6223(c)–1T(f), Temporary Proced. & Admin. Regs., *supra*, in mind, it is evident that respondent properly notified petitioners of the Wind 2 partnership proceedings for the 1983 taxable year. In the normal course, respondent could have satisfied the TEFRA notice requirements by mailing a copy of the FPAA for 1983 to petitioners at the Calabasas address—the address listed for petitioners on Wind 2's 1983 partnership return. Sec. 6223(c)(1). How-

ever, at the time respondent was preparing the FPAA, she reviewed petitioners' individual income tax returns and learned that petitioners were residing at the Westlake Village address. Based on this information, respondent mailed the FPAA to the Westlake Village address in a good faith effort to notify petitioners of the Wind 2 partnership adjustments. Section 6223(a) requires nothing more of respondent.

Petitioners also seek to attack the validity of the affected items notice on the ground that the period of limitations expired prior to the mailing of the FPAA covering Wind 2's 1983 taxable year. In contrast to our decision to examine whether respondent furnished petitioners with proper notice of the Wind 2 partnership proceedings, we do not view this affected items proceeding as an appropriate forum for deciding whether that notice was provided within the period of limitations. As explained above, the sufficiency of the FPAA covering 1983 affects our jurisdiction in the instant case to the extent that it is directly related to the validity of the affected items deficiency notice. On the other hand, petitioners' assertion of the bar of the statute of limitations does not affect our jurisdiction but is merely an affirmative defense. See *Columbia Building, Ltd. v. Commissioner*, 98 T.C. 607, 611–612 (1992). We conclude that the statute of limitations defense as it pertains to the FPAA for 1983 should have been prosecuted within the context of a partnership level proceeding and is not properly before us in this proceeding. See *Genesis Oil & Gas, Ltd. v. Commissioner*, 93 T.C. 562, 565 (1989).

Similarly, we do not have the authority to consider petitioners' allegation that respondent's agent violated the Privacy Act of 1974, Pub. L. 93–579, 88 Stat. 1896 (the Privacy Act), during the examination stage of the case. The exclusive remedy for individuals seeking redress for a violation of the Privacy Act is a civil action in Federal District Court pursuant to 5 U.S.C. section 552a(g)(1) (1988). Moreover, section 7852(e), added to the Internal Revenue Code under the Tax Reform Act of 1976, Pub. L. 94–455, sec. 1202(g), 90 Stat. 1688, expressly provides that 5 U.S.C. section 552a(g) shall not be applied directly or indirectly to the determination of liability of any person for any tax.

In light of our conclusion that the affected items notice is valid, and consistent with *Saso v. Commissioner*, 93 T.C. 730

(1989), we will grant respondent's motion to dismiss for lack of jurisdiction and to strike filed March 1, 1993. Petitioners simply are not entitled to a redetermination of the deficiency resulting from adjustments to the Wind 2 partnership return for the 1983 taxable year to the extent those adjustments are attributable to partnership items. Our jurisdiction is limited to a redetermination of petitioners' liability for affected items; i.e, the additions to tax set forth in the affected items deficiency notice.

## II. *Respondent's Motion To Dismiss for Lack of Jurisdiction and To Strike (With Respect to the 1984 Taxable Year)*

On March 8, 1993, respondent filed a motion to dismiss for lack of jurisdiction and to strike the allegations set forth in the petition that pertain to petitioners' liability for the 1984 taxable year. The parties agree that respondent did not issue an affected items deficiency notice to petitioners for the 1984 taxable year. Nonetheless, petitioners assert that we should assume jurisdiction due to respondent's negligence in conducting the Wind 2 audit.

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); *Monge v. Commissioner*, 93 T.C. 22, 27 (1989); *Normac, Inc. v. Commissioner*, 90 T.C. 142, 147 (1988). Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency. Sec. 6213(a).

The record in the instant case shows that on February 28, 1986, respondent mailed petitioners an affected items deficiency notice for the 1984 taxable year relating to their investment in a partnership known as Sunbelt Energy. On April 27, 1986, petitioners executed a consent to assessment with respect to the February 28, 1986, notice. Consequently, this notice does not provide a basis for the Court to exercise jurisdiction over the 1984 taxable year.

The record further shows that respondent mailed an FPAA covering the 1984 taxable year to the tax matters partner for Wind 2 on September 13, 1991. While a question remains

whether respondent mailed petitioners a copy of that FPAA, the parties agree that respondent did not issue petitioners an affected items deficiency notice for the 1984 taxable year relating to their investment in Wind 2. In the absence of an affected items deficiency notice, it follows that a prerequisite to our jurisdiction over the 1984 taxable year is lacking. Consequently, we will grant respondent's motion to dismiss for lack of jurisdiction and to strike filed March 8, 1993.

To reflect the foregoing,

*An appropriate order will be issued.*