T.C. Memo. 1997-535


UNITED STATES TAX COURT


CATHERINE CHIMBLO AND ESTATE OF GUS CHIMBLO, DECEASED,
CATHERINE CHIMBLO, EXECUTRIX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JOSEPHINE CHIMBLO AND ESTATE OF ANTHONY J. CHIMBLO, DECEASED,
ROSALIE MONAHAN, EXECUTRIX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 16546-96, 16804-96.    Filed December 3, 1997.


<u>Tobias Weiss</u>, for petitioners.

<u>Andrew M. Winkler</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined additions to petitioners' Federal income taxes for the years as indicated:

<u>Catherine Chimblo and Estate of Gus Chimblo, Deceased, Catherine Chimblo, Executrix, docket No. 16546-96</u>

| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
|------|-----------------|-----------------|-----------|
| 1980 | $479 | * | --- |
| 1982 | 60 | * | --- |
| 1983 | 619 | * | $3,097 |
| 1984 | 629 | * | 3,144 |

*50% of the interest due on the deficiency.

<u>Josephine Chimblo and Estate of Anthony J. Chimblo, Deceased, Rosalie Monahan, Executrix, docket No. 16804-96</u>

| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) |
|------|-----------------|-----------------|
| 1980 | $595 | * |
| 1981 | $334 | * |

*50% of the interest due on the deficiency.

The issues for decision are:  (1) Whether respondent properly notified petitioners of the underlying partnership proceeding which led to the deficiencies upon which the additions to tax in these cases are based; (2) whether petitioners are

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

liable for the section 6653(a) additions to tax as determined by respondent; and (3) whether petitioners Catherine Chimblo and Estate of Gus Chimblo are liable for the section 6661 additions to tax for substantial understatements of income tax for 1983 and 1984.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner Catherine Chimblo resided in Stamford, Connecticut, and petitioner Josephine Chimblo resided in Cos Cob, Connecticut, on the dates their respective petitions were filed in these cases.

Petitioner Catherine Chimblo (Catherine) was married to Gus Chimblo (Gus) until his death on March 22, 1988. Petitioner Josephine Chimblo (Josephine) was married to Anthony J. Chimblo (Anthony) until his death on March 21, 1984.

In December of 1983, Gus and his sister-in-law Josephine each invested $25,000 in Barrister Equipment Associates Series 151 (the Barrister partnership). Their respective Schedules K-1 from the Barrister partnership show their capital contributed during 1983 as such amounts. The investments were made on the advice of the Chimblos' family accountant, John Santella. Mr. Santella died in 1996, prior to the trial in this case. After his death, Mr. Santella's son, John Santella Jr., acted as the Chimblos' accountant.

On its 1983 and 1984 returns, the Barrister partnership claimed ordinary losses in the amounts of $848,599 and $1,059,623, respectively, and qualified investment credit property in the amounts of $18,809,500 and $6,110,000, respectively.  The Barrister partnership attached disclosure statements to its 1983 and 1984 returns which state that its sole business was "the printing and sale of 49 different literary works and microcomputer disks aimed at a general public market, using leased films, plates and disks to produce said products."

On their 1983 return, Catherine and Gus claimed an ordinary loss in the amount of $10,477 and an investment tax credit in the amount of $18,578 with respect to their $25,000 investment. Since the alternative minimum tax nullified the benefit of part of the investment tax credit for 1983, Catherine and Gus filed amended returns for 1980 and 1982 to carry back portions of the 1983 credit to offset their previously reported tax liability for the 1980 and 1982 taxable years.[2]  They also claimed an ordinary loss in the amount of $13,083 and an investment tax credit in the amount of $6,035 for their 1984 taxable year with respect to their investment in the Barrister partnership.

---

[2]     The parties stipulated that the amounts of the investment tax credit carrybacks for 1980 and 1982 are $9,571 and $1,190, respectively, which differ from the amounts claimed on the 1980 and 1982 amended returns ($4,577 and $6,184).  Since we have found no explanation in the record for these differences, and the parties have not made any reservations to their stipulations, we accept the amounts stipulated as correct.

On their 1983 return, Josephine and Anthony claimed an ordinary loss in the amount of $10,477 and an investment tax credit in the amount of $18,578 with respect to their $25,000 investment. Since the alternative minimum tax nullified the entire benefit of the investment tax credit for 1983, Josephine and Anthony filed amended returns for 1980 and 1981 to carry back portions of the 1983 credit to offset their previously reported tax liability for the 1980 and 1981 taxable years.

Pursuant to the agreement of the parties in the underlying partnership proceeding, this Court entered a stipulated decision on February 17, 1995, which decided that the none of the losses claimed by Barrister partnership for 1983 and 1984 were allowed and the amounts of its qualified investment credit property for 1983 and 1984 were zero.[3] Respondent thereafter made computational adjustments disallowing the losses and investment tax credits claimed by petitioners with respect to the Barrister partnership.

The first issue for decision is whether respondent properly notified petitioners of the Barrister partnership proceeding for its 1983 and 1984 taxable years. We have jurisdiction in these cases to decide whether respondent complied with the notice requirements of section 6223(a) allowing petitioners the

---

[3]    Anderson Equipment Associates, et al, Barrister Associates, Tax Matters Partner v. Commissioner, docket No. 27745-89.

opportunity to participate in the partnership level proceeding. Crowell v. Commissioner, 102 T.C. 683, 691 (1994).

Section 6223(a) generally provides that respondent shall mail to each partner notice of the beginning of an administrative proceeding at the partnership level with respect to a partnership item, as well as notice of the final partnership administrative adjustment (FPAA) resulting from any such proceeding. It is the mailing of the FPAA that triggers the time period for a partner to object to the partnership level adjustments by filing a petition for readjustment. Sec. 6226(a). Failure by respondent to provide notice of a partnership level proceeding to a partner may result in that partner's share of the partnership items being treated as nonpartnership items. Secs. 6223(e)(2), 6231(b)(1)(D). In light of petitioners' arguments, respondent must be prepared to demonstrate compliance with the section 6223(a) notice requirements. Crowell v. Commissioner, supra at 691-692.

At trial, Josephine did not recall receiving an FPAA with respect to the Barrister partnership proceeding. Catherine did not testify as to whether or not she received one. However, the validity of a properly mailed FPAA is not contingent upon actual receipt by the partner of the FPAA. Id. at 692.

Respondent submitted certified records that show that FPAAs for the Barrister partnership for 1983 and 1984 were mailed to petitioners on September 5, 1989. We are convinced by evidence

introduced by respondent that the FPAAs were properly mailed in these cases, and we so find. We find Josephine's and Catherine's self-serving testimony on this matter to be vague and insufficient to overcome respondent's evidence.

Having found that petitioners were properly notified of the partnership proceeding, we lack jurisdiction to redetermine the deficiencies on which the additions to tax in these cases are based. Brookes v. Commissioner, 108 T.C. 1, 5 (1997), on appeal (9th Cir., March 25, 1997). The deficiencies are attributable to partnership items, properly considered solely in the partnership proceeding. Saso v. Commissioner, 93 T.C. 730, 734 (1989); Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). Likewise, petitioners' arguments that respondent failed to comply with the applicable periods of limitation at the partnership level are affirmative defenses that could have been raised in the partnership level proceeding and may not be considered by the Court at the partner level. Crowell v. Commissioner, supra at 693.

The second issue for decision is whether petitioners are liable for the section 6653(a) additions to tax as determined by respondent.

Section 6653(a)(1) provides for an addition to tax equal to 5 percent of the entire underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) provides for an

addition to tax equal to 50 percent of the interest payable on the deficiency with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations.

Negligence under section 6653 is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the same circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners bear the burden of proving that no part of the underpayments for the years in issue is due to negligence or intentional disregard of rules and regulations. Rule 142(a); Matthews v. Commissioner, 92 T.C. 351, 362 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982).

Before dealing with the question of whether petitioners were negligent in these cases, we must address the question of whether respondent properly asserted the section 6653(a)(1) and (2) additions to tax for petitioners' 1980 taxable years.

The version of section 6653(a)(1) and (2) relied upon by respondent was enacted by section 722(b) of the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 172, 342. ERTA section 722(b)(2), 95 Stat. 342, provides that section 6653(a)(1) and (2) "shall apply to taxes the last date prescribed for payment of which is after December 31, 1981." The last date prescribed for the payment of taxes for petitioners' 1980 taxable years was April 15, 1981. Secs. 6072(a), 6151(a); Jacobs v.

Commissioner, T.C. Memo. 1997-429.  Therefore, section 6653(a) as in effect prior to the ERTA amendments is applicable to petitioners' 1980 taxable years.

The pre-ERTA section 6653(a) and the "new" section 6653(a)(1) have substantially identical language.  Respondent's erroneous citation does not affect the validity of his determination that petitioners' underpayments of tax for 1980 were due to negligence or intentional disregard of rules and regulations.  Burrill v. Commissioner, 93 T.C. 643, 670 n.28 (1989).  However, the section 6653(a)(2) addition to tax asserted by respondent for 1980 is without any statutory authority.  The addition to tax equal to 50 percent of the interest attributable to a negligent underpayment was first introduced into the Code by ERTA.  Accordingly, we hold that petitioners are not liable for the section 6653(a)(2) additions to tax for 1980 as determined by respondent.  Skyrms v. Commissioner, T.C. Memo. 1997-69.

We now turn to the question of whether petitioners' underpayments for the taxable years in issue were due to negligence or intentional disregard of rules and regulations. Petitioners contend that they did not act negligently because they relied on the advice of Mr. Santella.  Under some circumstances, a taxpayer may avoid liability for negligence if reasonable reliance on a competent professional adviser is shown. United States v. Boyle, 469 U.S. 241 (1985); Freytag v.

Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

Based on the record, we find that petitioners have not proved that their reliance on Mr. Santella was reasonable under the circumstances. There is no evidence in the record that Mr. Santella was qualified to render a professional opinion to Josephine and/or Gus as to the business merits and tax consequences of the Barrister partnership investments.

Petitioners did not establish that Mr. Santella had any expertise in the publishing industry which he advised petitioners to invest in for alleged business reasons.[4] Although Josephine and Catherine each testified that the motivation for their investments was enhanced income flow, neither of them ever voiced any concern to Mr. Santella over the absence of any income and eventual complete loss of their $25,000 investments. We find that petitioners' investment of $25,000 in an industry that neither they nor their adviser knew anything about without even a cursory review of the offering materials was negligent.

We are also not convinced that Mr. Santella's advice regarding the tax consequences of the investment was competent. In their petitions to this Court, petitioners state that Mr. Santella mentioned tax benefits which might be obtained from the investment, for which he had an opinion from legal counsel.

---

[4] Josephine and Catherine also admit to having no personal knowledge of the publishing industry.

However, the tax opinion that Mr. Santella purportedly relied upon is not in the record for our consideration. No testimony was offered by petitioners from any individual, including Mr. Santella's son, the successor to the Chimblo accounts, to establish Mr. Santella's competence to render advice with respect to the tax consequences of petitioners' investments.

We conclude that petitioners were negligent because their reliance on Mr. Santella was not reasonable under the circumstances. They did not prove that he was competent to render advice concerning the business merits or tax consequences of the investments, or that he reasonably relied upon competent professional advice in rendering his own advice. Accordingly, we hold that petitioners are liable for the section 6653(a) additions to tax as determined by respondent except for the 6653(a)(2) additions to tax for 1980 discussed supra.

The third issue for decision is whether petitioners are liable for the section 6661 additions to tax for substantial understatements of income tax for 1983 and 1984. For purposes of this issue, all references to petitioners hereinafter are to Catherine Chimblo and the estate of Gus Chimblo.

Section 6661(a) provides for an addition to tax if there is a substantial understatement of income tax for the taxable year. In the case of additions to tax assessed after October 21, 1986, the amount of the addition to tax is equal to 25 percent of the amount of any underpayment attributable to such understatement.

Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(c), 100 Stat. 1874, 1951; Licari v. Commissioner, 946 F.2d 690, 692 (9th Cir. 1991), affg. T.C. Memo. 1990-4; Pallottini v. Commissioner, 90 T.C. 498 (1988).

Section 6661(b)(1)(A) provides that a substantial understatement of income tax exists if the amount of the understatement exceeds the greater of: (1) 10 percent of the tax required to be shown on the return; or (2) $5,000. An understatement is defined as the excess of the amount of tax required to be shown on the return for the taxable year over the amount of tax imposed which is shown in the return, reduced by any rebate. Sec. 6661(b)(2)(A). In the instant case, petitioners' understatements of income tax for 1983 and 1984 are $12,387 and $12,577, respectively, and are therefore substantial. The entire amounts of the understatements are due to petitioners' disallowed losses and investment tax credits claimed with respect to the Barrister partnership.

In general, section 6661(b)(2)(B) provides that the understatement is deemed to be reduced to the extent it is attributable to: (1) The tax treatment of an item for which there was substantial authority; or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. In the case of items attributable to a tax shelter, the understatement may not be reduced by reason of disclosure,

and may only be reduced by reason of substantial authority if the taxpayer reasonably believed that the tax treatment of the tax shelter item was more likely than not the proper treatment.  Sec. 6661(b)(2)(C).

Petitioners do not argue that substantial authority exists for their tax treatment of the items in issue or that they adequately disclosed the relevant facts with respect to the Barrister partnership investment.  Rather, they contend that respondent should have waived the additions to tax pursuant to section 6661(c).

Section 6661(c) authorizes respondent to waive any part of the addition to tax imposed under section 6661(a) upon a showing by the taxpayer of reasonable cause for the understatement and that the taxpayer acted in good faith.  The most important factor in determining whether to grant a waiver is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability under the law.  Mailman v. Commissioner, 91 T.C. 1079, 1083-1084 (1988); sec. 1.6661-6(b), Income Tax Regs.  Reliance upon the advice of a professional will not constitute reasonable cause and good faith, unless under all the circumstances, such reliance was reasonable.  Sec. 1.6661-6(b), Income Tax Regs.  The appropriate standard of review for denial of a waiver is whether respondent's refusal to waive the section 6661 addition to tax constitutes an abuse of discretion.  Mailman v. Commissioner, supra at 1083-1084.

There is no evidence in the record that petitioners requested respondent to waive the section 6661 additions to tax pursuant to section 6661(c).  Petitioners first raised this issue in their post-trial brief.  It was not raised in their petition or their pre-trial memorandum.  Under such circumstances we decline to find that respondent abused his discretion, since such discretion was never requested to be exercised.  McCoy Enterprises, Inc. v. Commissioner, 58 F.3d 557, 563 (10th Cir. 1995), affg. T.C. Memo. 1992-693; Reinke v. Commissioner, 46 F.3d 760, 765 (8th Cir. 1995), affg. T.C. Memo. 1993-197; The Escrow Connection, Inc. v. Commissioner, T.C. Memo. 1997-17; Selig v. Commissioner, T.C. Memo. 1995-519; Dugow v. Commissioner, T.C. Memo. 1993-401, affd. without published opinion 64 F.3d 666 (9th Cir. 1995); Magnus v. Commissioner, T.C. Memo. 1990-596.

Even if we were to assume that such a request was made and that the evidence in this record was available to respondent, see Reile v. Commissioner, T.C. Memo. 1992-488; Rogers v. Commissioner, T.C. Memo. 1990-619, we are not persuaded that respondent's denial of a request for a waiver would constitute an abuse of discretion under the facts.  As discussed supra, petitioners have not proved that their reliance on Mr. Santella was reasonable.[5]

---

[5]    Although the stipulated decision in Anderson Equipment Associates, et al, Barrister Associates, Tax Matters Partner v. Commissioner, docket No. 27745-89, see supra note 3 and related text, does not explain the basis of the decision, we have

We hold that petitioners are liable for the section 6661 additions to tax for 1983 and 1984 as determined by respondent.

To reflect the foregoing,

Decisions will be entered

under Rule 155.

---

previously found that the Barrister Equipment Associates Series 162 partnership, the partnership involved in the stipulated decision, lacked economic substance and was a sham.  Connell v. Commissioner, T.C. Memo. 1996-349.