T.C. Memo. 2000-86

UNITED STATES TAX COURT

RICHARD HENRY AND CARMEN M. STRICKLAND, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9799-95.                    Filed March 14, 2000.

Richard H. Strickland, pro se.

<u>Steven M. Roth</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' 1990 Federal income tax of $3,365, a section
6651(a)(1)[1] addition to tax of $88 and a section 6662(a) penalty

---

[1]  Unless otherwise stated, all section references are to
the Internal Revenue Code in effect for the taxable years in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

of $673.  Respondent also determined a deficiency in petitioners'
1991 Federal income tax of $13,438 and a section 6662(a) penalty
of $2,688.  After concessions,[2] the only substantive issue for
our consideration is whether petitioners are entitled to deduct
any of the 1990 Schedule C car and truck expenses.  Petitioners
also allege that the audits and resulting deficiency
determinations were improperly conducted, and they ask that
damages be awarded for any injuries they may have suffered as a
result.

## FINDINGS OF FACT[3]

Petitioners Richard H. and Carmen M. Strickland resided in
West Covina, California, at the time their petition was filed.
Carmen M. Strickland is a petitioner in this case because she
filed a joint return with Richard Strickland.  Subsequent
references to "petitioner" refer only to Richard Strickland.

Petitioner filed his 1990 Federal income tax return on
August 26, 1991.  Petitioner did not receive an extension, nor
did he offer an explanation for the late filing.

The 1990 tax return included a deduction on Schedule C for
car and truck expenses, in the amount of $8,020.  Respondent
disallowed the $8,020 deduction.  That disallowance, along with

---

[2] Respondent has conceded the 1991 deficiency and related
penalty.

[3] The stipulation of facts and the exhibits attached thereto
are incorporated herein by this reference.

an income adjustment, resulted in a $3,365 income tax deficiency. Petitioner admits that there was an error in his 1990 return requiring the income adjustment. He has offered no evidence to either substantiate the Schedule C expenses or to show that they were ordinary and necessary.

## OPINION

Petitioner does not seek to show that respondent's adjustments to income and deductions were in error; instead he asks the Court to "waive" the 1990 deficiency and award $50,000 in damages from respondent. Petitioner contends that the above relief is justified due to respondent's alleged improper audit procedures and actions. Petitioner contends that respondent's following actions were improper: (1) Violation of the Privacy Act of 1974, Pub. L. 93-579, 88 Stat. 1896 (the Privacy Act), when respondent's agent informed petitioner that his was a "routine" audit, (2) failure to meet the burden of production allegedly imposed by section 6201, and (3) lack of substantial justification to begin the audit that led to the deficiency determination. Petitioner claims that he was injured by these alleged improprieties and should be compensated by being relieved from the 1990 deficiency. He also claims that he is entitled to section 7435 civil damages because respondent's counsel "intentionally misstated facts" in his proposed stipulation of facts included in his motion, under Rule 91(f), to show cause why

such facts should not be stipulated.  Said facts were deemed to be admitted as a sanction for petitioner's failure to comply with the Court's order, dated December 16, 1996.

This Court is a court of limited jurisdiction.  See <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  Two of petitioner's claims fall outside that jurisdiction.  Actions under the Privacy Act, codified as 5 U.S.C. 552a (1994), and pursuant to section 7435 are both properly brought in U.S. District Courts.  See <u>Crowell v. Commissioner</u>, 102 T.C. 683, 693 (1994) ("The exclusive remedy for individuals seeking redress for a violation of the Privacy Act is a civil action in Federal District Court pursuant to 5 U.S.C. section 552a(g)(1)".); sec. 7435 (taxpayer must bring section 7435 action in a district court and "Such civil action shall be the exclusive remedy for recovering damages").  We do not have the authority to address these claims.

Petitioner also contends that he was injured by respondent's alleged failure to meet a burden of production under section 6201 when respondent did not produce a requested Form 1099 discussed during the audit.  Assuming that respondent ever had such a burden, the document was related only to the 1991 deficiency, which respondent has conceded.

Petitioner's only remaining claim of injury is that the deficiency notice was the result of an audit that was not substantially justified.  This allegation stems from petitioner's

theory of a third party's malicious information instigating the audit.  As a general rule, we do not look behind the deficiency notice.  See Greenberg's Express, Inc. v. Commissioner, 62 T.C. 324, 330 (1974).  The Court of Appeals for the Ninth Circuit has recognized an exception to this rule and has looked behind the notice of deficiency in cases involving unreported income where the Commissioner introduced no substantive evidence but rested on the presumption of correctness and the taxpayer challenged the notice of deficiency on the grounds that it was arbitrary.  See Weimerskirch v. Commissioner, 596 F.2d 358 (9th Cir. 1979), revg. 67 T.C. 672 (1977).  This exception to the rule is not applicable to the instant case; therefore, we shall not look behind the deficiency notice to evaluate the audit procedure.  There is no inherent evil residing in the fact that the Commissioner may institute an audit based on information received from a third party.  We find petitioner's claims of injury and request for damages to be either without merit or without our jurisdiction.

The remaining matter in this case is whether petitioner is entitled to the Schedule C car and truck expense deductions he claimed.  Initially, we observe that petitioner bears the burden of proving by a preponderance of evidence that the Commissioner's disallowance was in error.  See Olton Feed Yard, Inc. v. United States, 592 F.2d 272, 275 (5th Cir. 1979) (citing Helvering v. Taylor, 293 U.S. 507, 515 (1935)).  Petitioner has presented no

evidence regarding these expenses; therefore, we hold for respondent on this issue.

Respondent also determined an accuracy-related penalty under section 6662(a), which imposes an addition to tax in the amount of 20 percent of any underpayment attributable to negligence. To avoid this negligence penalty, petitioner has the burden of showing that his actions were not careless, reckless, or made with intentional disregard of rules or regulations. See Delaney v. Commissioner, 743 F.2d 670 (9th Cir. 1984), affg. T.C. Memo. 1982-666. Because petitioner has presented no evidence as to why his actions were reasonable, petitioners are liable for the section 6662 penalty for the taxable year 1990. See Lyszkowski v. Commissioner, T.C. Memo. 1995-235, affd. 79 F.3d 1138 (3d Cir. 1996). In addition, petitioner's allegations that respondent's actions were improper do not constitute reasonable cause.

Respondent also determined that petitioners were subject to an addition to tax for failure to timely file a tax return. This addition is imposed by section 6651(a)(1) unless petitioner can show that the late filing was due to reasonable cause. See Bixby v. Commissioner, 58 T.C. 757 (1972). Petitioner has offered no evidence to show that respondent's determination of the addition to tax was in error. Accordingly, petitioners are liable for the section 6651(a)(1) addition to tax for their 1990 tax year.

In light of the foregoing,

<u>Decision will be entered for petitioners with respect to the 1991 tax year and for respondent for the 1990 tax year.</u>