T.C. Memo. 2008-80

UNITED STATES TAX COURT

SHOILEN CHRISTOPHER AND GEETI GHOSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13703-06.                    Filed April 2, 2008.

        R determined that Ps are liable for additions to tax
pursuant to sec. 6653(a)(1) and (2), I.R.C., for their 1983
and 1985 taxable years and pursuant to sec. 6661(a), I.R.C.,
for their 1983 taxable year.

        <u>Held</u>: Ps are liable for the additions to tax.

Shoilen Christopher and Geeti Ghose, pro sese.

<u>Andrew R. Moore</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court on a petition for redetermination of two affected items notices of deficiency in which respondent determined that petitioners are liable for the following additions to tax:

|  | Additions to Tax | | |
| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661(a) |
| 1983 | $272.30 | [1] | $1,361.50 |
| 1985 | 92.15 | [1] | --- |

[1] 50 percent of the interest due on deficiencies of $5,446 and $1,843, for the 1983 and 1985 taxable years, respectively.

Unless otherwise indicated, section references are to the Internal Revenue Code, as amended and in effect for the taxable years at issue.  The issue for decision is whether petitioners are liable for each of the additions to tax determined by respondent.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts and accompanying exhibits are hereby incorporated by reference into our findings.  At the time they filed their petition, petitioners resided in Martinez, California.

Mr. Ghose earned a college degree in management in 1980. In 1983, he was employed by Gibbs & Hill, Inc., and Bechtel Petroleum, Inc. That year, Mrs. Ghose was employed by the school system of the County of Contra Costa, California.

In 1982 or 1983, petitioners' tax preparer, Francine P. Silveria (Ms. Silveria), introduced petitioners to Charles B. Toepfer (Mr. Toepfer), a financial planner. After attending a presentation given by Mr. Toepfer regarding jojoba investments, petitioners acquired eight units in a limited partnership called Contra Costa Jojoba Research Partners (CCJRP) for $22,000, or $2,750 per unit.[1] They paid $8,800 upon closing and signed a promissory note for the remaining $13,200. Petitioners did not examine Mr. Toepfer's credentials and never discussed the investment with anyone other than Mr. Toepfer. In addition to their investment in CCJRP, petitioners invested in three or four other limited partnerships through Mr. Toepfer.

In 1983 and 1985, the taxable years at issue, CCJRP filed with the Internal Revenue Service and provided to petitioners Schedules K-1, Partner's Share of Income, Credits, Deductions, Etc., in which CCJRP allocated to petitioners ordinary losses of $20,000 and $2,067, respectively. In turn, on their 1983 and 1985 joint Forms 1040, U.S. Individual Income Tax Return, petitioners claimed ordinary losses relating to their interest in

---

[1] Mr. Toepfer was also CCJRP's tax matters partner.

CCJRP of $20,000 and $2,067, respectively, as deductions in computing their total income.[2]

On May 30, 1989, respondent sent petitioners notices of final partnership administrative adjustment (FPAA) issued to CCJRP for the 1983 and 1985 taxable years. On July 13, 1989, a petition in the name of CCJRP, Charles B. Toepfer, Tax Matters Partner, was filed with the Court at docket No. 17323-89. On January 28, 1994, to settle the case at docket No. 17323-89, the tax matters partner and respondent filed a stipulation to accept and be bound by the result in Utah Jojoba I Research v. Commissioner (Utah Jojoba I), a test case docketed at No. 7619-90.

This Court issued an opinion in Utah Jojoba I on January 5, 1998, in which it held that the partnership at issue was not entitled to deduct its losses for research and development expenditures. See Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6. On April 11, 2005, the Court entered a decision against CCJRP upholding as correct, among other things, the partnership item adjustments as determined and set forth in FPAAs for CCJRP's 1983 and 1985 taxable years. That decision was not appealed.

---

[2] Petitioners' 1983 joint Federal income tax return was prepared by Ms. Silveria. Their 1985 joint Federal income tax return was prepared by Ronald P. Harville, Jr. Both of these individuals were in the tax return preparation business.

On April 17, 2006, respondent issued the aforementioned affected items notices of deficiency. Petitioners then filed a timely petition with this Court. A trial was held on May 14, 2007, in San Francisco, California.

OPINION

I. Statute of Limitations

In their petition, petitioners appear to raise the statute of limitations as an affirmative defense. Respondent, citing statutes and court opinions, argues that the limitations period had not expired when the notices of deficiency were mailed to petitioners in April 2006. As explained below, we agree with respondent that the April 2006 notices of deficiency were issued within the limitations period.

In general, section 6501(a) provides that the amount of any tax imposed shall be assessed within 3 years after the return is filed. However, with respect to partnership and affected items, section 6229(a) provides that the period for assessing tax shall not expire before the date which is 3 years after the later of the date on which the partnership return for such taxable year was filed, or the last day for filing such return for such year.[3] Section 6229(d)(1) and (2) provides that the mailing of an FPAA

---

[3] The additions to tax at issue in this case are affected items that require partner-level determinations but are subject to sec. 6229(a). See Ruggiero v. Commissioner, T.C. Memo. 2001-162.

suspends the running of that 3-year limitations period for the period during which an action for judicial review of the FPAA may be brought (and, if an action is brought, until the decision of the court has become final) and for 1 year thereafter. See Ruggiero v. Commissioner, T.C. Memo. 2001-162. A statute of limitations defense relating to the issuance of an FPAA must be raised during the partnership-level proceeding and cannot be raised at the partner-level proceeding. See Crowell v. Commissioner, 102 T.C. 683, 693 (1994). Thus, whether the FPAA was issued to CCJRP within the limitations period in section 6229(a) is not now at issue. We look only to whether the notices of deficiency issued to petitioners in April 2006 were timely.

In April 2005, the Court entered a decision against CCJRP upholding as correct the partnership item adjustments as determined and set forth in the FPAAs for its 1983 and 1985 taxable years. That decision was not appealed. Because a decision becomes final 90 days after it is entered if it is not appealed, the Court's decision became final in July 2005. See secs. 7481(a)(1), 7483. Because the limitations period in this case expired in July 2006, 1 year and 90 days after the Court's April 2005 decision was entered, the notices of deficiency mailed to petitioners in April 2006 were timely.

II.  Additions to Tax Under Section 6653(a)(1) and (2)

Section 6653(a)(1) and (2), as in effect in 1983 and 1985, imposes additions to tax if any part of any underpayment of tax is due to negligence or disregard of rules and regulations.[4]  For the purposes of this statute, negligence is defined as a "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"  Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964)).

The Court of Appeals for the Ninth Circuit, to which an appeal lies in this case, has held that a determination as to negligence for purposes of sections 6653(a) and 6661(a) in a case involving a deduction for loss that results from an investment "depends upon both the legitimacy of the underlying investment, and due care in the claiming of the deduction."  Sacks v. Commissioner, 82 F.3d 918, 920 (9th Cir. 1996), affg. T.C. Memo. 1994-217.

Petitioners contend that they were not negligent because they relied on the advice of a financial adviser in investing in

---

[4] Those additions to tax are for (1) an amount equal to 5 percent of the underpayment and (2) an amount equal to 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment which is attributable to negligence for the period beginning on the last date prescribed by law for payment of such underpayment and ending on the date of the assessment of the tax.  Sec. 6653(a)(1) and (2).

CCJRP and because their 1983 and 1985 tax returns were prepared by professional tax preparers. As explained below, although reasonable reliance on professional advice may serve as a defense to the additions to tax for negligence, see United States v. Boyle, 469 U.S. 241, 251 (1985), petitioners have not demonstrated that they acted with due care with respect to their investment in CCJRP and subsequent deductions claimed in 1983 and 1985 for losses relating to that investment.

CCJRP's underlying activity lacked legitimacy, as is evidenced by our decision in Utah Jojoba I. See Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6 ("[W]e hold that Utah I was not actively involved in a trade or business and also lacked a realistic prospect of entering a trade or business."); see also Welch v. Commissioner, T.C. Memo. 2002-39. Petitioners, neither of whom had any background or expertise in jojoba farming, invested in CCJRP solely upon the recommendation of Mr. Toepfer, a promoter of CCJRP, without ever conducting their own research or seeking independent advice regarding the risks and tax implications of that investment.

Petitioners' apparent blind faith in Mr. Toepfer constitutes a failure to exercise due care before investing in CCJRP. See LaVerne v. Commissioner, 94 T.C. 637, 652 (1990) ("The failure of petitioners to look beyond the promotional materials supplied by the salespeople or to consult independent advisors on so complex

a matter as the proposed investments in The Barbados Partnerships is unreasonable and is not in keeping with the standard of the ordinarily prudent person."), affd. without published opinion 956 F.2d 274 (9th Cir. 1992), affd. without published opinion sub nom. Cowles v. Commissioner, 949 F.2d 401 (10th Cir. 1991).[5]

The fact that professional tax preparers apparently prepared petitioners' 1983 and 1985 Federal income tax returns is insufficient to shield them from liability for the section 6653(a)(1) and (2) additions to tax. In all likelihood, petitioners' tax preparers merely transferred the losses from the Schedules K-1 provided by CCJRP onto petitioners' returns. There is no evidence that suggests otherwise.

In 1983, petitioners invested $8,800 in CCJRP and that same year claimed a $20,000 deduction for losses relating to that

---

[5] We note that this case is distinguishable from Kantor v. Commissioner, 998 F.2d 1514 (9th Cir. 1993), affg. in part and revg. in part T.C. Memo. 1990-380, in which the Court of Appeals for the Ninth Circuit reversed this Court's affirmance of the imposition of a sec. 6653(a) addition to tax on the basis that the experience and involvement of the general partner and the lack of warning signs could reasonably have led investors to believe that they were entitled to deductions in light of the undeveloped state of the law regarding sec. 174. The Court of Appeals explained that the Supreme Court's decision in Snow v. Commissioner, 416 U.S. 500 (1974), left unclear the extent to which research must be "in connection with" a trade or business for purposes of qualifying for an immediate deduction under sec. 174. See, e.g., Nilsen v. Commissioner, T.C. Memo. 2001-163. Unlike the partnership in Kantor, CCJRP was neither engaged in a trade or business nor conducting research and development, either directly or indirectly. See Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6.

investment.[6]  The deduction of such a large loss in proportion to petitioners' investment claimed so close to when that investment was made should have raised a red flag to petitioners regarding the propriety of deductions for losses related to their investment in CCJRP.  Under the circumstances, petitioners acted with a lack of due care in claiming as deductions on their 1983 and 1985 Federal income tax returns ordinary losses of $20,000 and $2,067, respectively, relating to their interest in CCJRP.  Consequently, petitioners are liable for the section 6653(a)(1) and (2) additions to tax.

III. Addition to Tax under Section 6661(a)

Section 6661(a) provides for an addition to tax of 25 percent of the amount of any underpayment attributable to a substantial understatement.[7]  There is a "substantial understatement" of income tax for any taxable year where the amount of the understatement exceeds the greater of (1) 10

---

[6] Although petitioners also signed a promissory note for $13,200, there is no evidence as to whether they ever made payments on that note.

[7] As a technical matter, in 1983 sec. 6661(a) provided for a 10-percent addition to tax.  The amount of the sec. 6661(a) addition to tax was later increased to 25 percent for additions to tax assessed after Oct. 21, 1986.  Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002, 100 Stat. 1951.  The retroactive increase of the amount of the penalty from 10 percent to 25 percent does not violate petitioners' constitutional rights to equal protection or due process.  See Licari v. Commissioner, 946 F.2d 690, 692-695 (9th Cir. 1991), affg. T.C. Memo. 1990-4.

percent of the tax required to be shown on the return for the taxable year or (2) $5,000. Sec. 6661(b)(1). However, the amount of the understatement is reduced to the extent attributable to an item (1) for which there is or was substantial authority for the taxpayer's treatment thereof, or (2) with respect to which the relevant facts were adequately disclosed on the taxpayer's return or an attached statement. See sec. 6661(b)(2)(B).[8]

Petitioners do not argue that they possessed substantial authority for claiming the loss on their 1983 Federal income tax returns. Nor have they demonstrated that they adequately disclosed the facts relevant to their investment in CCJRP on their 1983 Federal income tax return or on an attached statement.

Rev. Proc. 83-21, 1983-1 C.B. 680, applicable to tax returns filed in 1983, lists information which is deemed sufficient disclosure with respect to certain items, none of which are involved in this case. Notwithstanding the inapplicability of Rev. Proc. 83-21, supra, a taxpayer may make adequate disclosure if the taxpayer provides sufficient information on the return to

---

[8] Where the understatement at issue is attributable to a tax shelter, adequate disclosure is inconsequential and, in addition to substantial authority, the taxpayer must demonstrate a reasonable belief that the tax treatment claimed was more likely than not proper. Sec. 6661(b)(2)(C). Because the result would be the same whether or not we label CCJRP a tax shelter, we will give petitioners the benefit of any doubt and analyze their entitlement to a reduction of the sec. 6661(a) addition to tax as though CCJRP were not a tax shelter.

enable the Commissioner to identify the potential controversy involved.  See <u>Schirmer v. Commissioner</u>, 89 T.C. 277, 285–286 (1987).  However, "Merely claiming the loss, without further explanation," as petitioners did, was insufficient to alert the Commissioner to the controversial nature of the partnership loss. See <u>Robnett v. Commissioner</u>, T.C. Memo. 2001-17.  In addition, petitioners did not attach any statement to their 1983 return. As a result, the Court sustains the imposition of a section 6661(a) addition to tax.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.