T.C. Memo. 1996-37


UNITED STATES TAX COURT


ROBERT MICHAEL GARNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11223-92.        Filed January 30, 1996.


        E is a limited partnership subject to the Tax
Equity and Fiscal Responsibility Act of 1982, Pub. L.
97-248, sec. 402(a), 96 Stat. 648.  P is one of E's
limited partners.  On Mar. 7, 1988, R used certified
mail to attempt to send three notices of final
partnership administrative adjustment (FPAA's) to P at
his address abroad.  The FPAA's covered E's taxable
years 1982 through 1984, respectively.  Following the
closing of a Court proceeding brought by another
partner of E with respect to the FPAA's, R mailed P an
affected items notice of deficiency that listed
additions to his 1982 tax under secs. 6653(a)(1) and
(2) and 6659(a), I.R.C.  P petitioned the Court with
respect to this notice, primarily arguing that the 1982
FPAA was invalid because it was improperly mailed to
him and he never received it.  U.S. postal regulations
do not allow the use of certified mail to send letters
abroad.  <u>Held</u>:  The 1982 FPAA is invalid with respect
to P because:  (1) It was improperly mailed to him and

(2) he did not receive notice of it in enough time to allow him to join in E's proceeding.

Robert M. Garner, pro se.

Diane D. Helfgott, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Robert M. Garner petitioned the Court to redetermine respondent's determinations of additions to his 1982 Federal income tax.  Respondent determined that petitioner was liable for a $487 addition to tax for negligence under section 6653(a)(1) and a $2,924 addition to tax for valuation overstatement under section 6659(a).  Respondent also determined that petitioner was liable for an addition to tax for negligence under section 6653(a)(2).  Respondent's determinations, which are reflected in an affected items notice of deficiency mailed to petitioner on February 26, 1992, flow from petitioner's investment in a partnership named "Elite Energy Systems Limited Partnership" (Elite).

Following concessions, we must decide whether the affected items notice of deficiency is valid.  We hold it is not.[1]  Unless

---

[1] Based on our holding, we do not decide the other issue in dispute; namely, whether petitioner is liable for the additions to tax determined by respondent.

otherwise stated, section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

The stipulated facts and exhibits submitted therewith are incorporated herein by this reference. When he petitioned the Court, petitioner resided in Salisbury, Maryland. Petitioner filed a 1982 Form 1040, U.S. Individual Income Tax Return. The income that he reported on that return included $11,945 of wages, salaries, tips, etc.; $23,489 in dividends; and $325,491 of business income.

Petitioner purchased a 4.95-percent limited partnership interest in Elite in December 1982. Elite was formed on December 15, 1982, with 18 partners. Its principal business activity was leasing energy conservation equipment, with a view to making use of the energy credit under section 48(l).

On or about October 17, 1983, Elite filed its 1982 Form 1065, U.S. Partnership Return of Income. On this return, Elite reported that it had purchased $1,365,141 in energy equipment in 1982, and claimed depreciation and energy credits with respect thereto. Petitioner's 1982 Form 1040 reported his $2,281 share of Elite's depreciation, and it reported his $9,825 share of Elite's energy credit.

In December 1986, petitioner moved abroad to lecture at Massey University in New Zealand. During 1987, while in New

Zealand, petitioner received a telephone call from an employee of the Houston District examination division. The employee notified petitioner that respondent was examining his 1982 Form 1040. Petitioner knew at that time that respondent was also examining the partnership items of Elite reflected on his 1982 Form 1040, in an administrative proceeding that had been ongoing for at least the prior 10 months. Petitioner was notified in approximately February 1986 about the commencement of that proceeding. On February 6, 1986, Elite's tax matters partner executed an extension agreement extending the period of limitation with respect to Elite's 1982 taxable year.

In August 1987, petitioner received a letter from the Houston District examination division advising him that respondent's examination of his 1982 Form 1040 was discontinued. The letter did not mention Elite's partnership examination.

On March 7, 1988, respondent sent to petitioner three notices of final partnership administrative adjustment (FPAA's) pertaining to Elite's 1982, 1983, and 1984 taxable years. Each of the FPAA's was sent in a separate envelope bearing the forms and postage for certified mail to petitioner's address in New Zealand. Petitioner received the 1983 and 1984 FPAA's. Petitioner did not receive the 1982 FPAA. The adjustments contained in the 1983 and 1984 FPAA's did not generate any

additional tax liability for petitioner. The adjustments contained in the 1982 FPAA did.

On August 4, 1988, a petition for readjustment of partnership items was filed by another partner of Elite (who was not the tax matters partner), contesting respondent's adjustments to Elite's 1982, 1983, and 1984 taxable years. Petitioner did not join in this action, and he never filed an objection on his own behalf.

On January 16, 1991, a decision was entered by this Court in Elite's case with respect to its 1982, 1983, and 1984 taxable years. In accordance with a stipulation of the parties there, the decision stated that Elite had no basis in its partnership assets for purposes of depreciation and energy credits. Respondent later assessed each of Elite's partners additional tax on account of computational adjustments.

Respondent mailed an affected items notice of deficiency to petitioner, asserting that he was liable for additions to his 1982 tax on account of his investment in Elite. On May 26, 1992, petitioner petitioned this Court with respect to this notice. In essence, petitioner attacks the notice's validity on the ground that respondent failed to provide him with proper notice of Elite's proceeding. According to petitioner, respondent failed to follow established international mailing procedures when she mailed him the 1982 FPAA. Section 912.42 of the Domestic Mail

Manual, Issue 45, December 20, 1992, provides that "Certified mail may be addressed for delivery only * * * in the United States and its territories and possessions."  See also International Mail Manual, Issue 12, July 8, 1993, at 550.

OPINION

For partnership taxable years beginning after September 3, 1982, the tax treatment of partnership items is generally determined at the partnership level, and the determination is made under the unified audit and litigation procedures set forth in sections 6221 through 6231.  Partnership items include each partner's proportionate share of the partnership's items of income, gain, loss, deduction, or credit.  Crowell v. Commissioner, 102 T.C. 683, 688-689 (1994).  Partnership items do not include "affected items"; i.e., items that are affected by partnership items.  Sec. 6231(a)(5); White v. Commissioner, 95 T.C. 209, 211 (1990).

There are two types of affected items.  The first type is a computational adjustment made to a partner's tax liability to reflect adjustments to partnership items.  Sec. 6231(a)(6).  After partnership level proceedings are completed, the Commissioner may assess computational adjustments without issuing a deficiency notice.  Sec. 6230(a)(1).  The second type of affected item requires a partner level determination.  Sec. 6230(a)(2)(A)(i); N.C.F. Energy Partners v. Commissioner, 89 T.C.

741, 744 (1987).  The additions to tax for negligence and valuation overstatement at issue in this case are examples of such affected items, and are subject to the normal deficiency procedures.  Sec. 6230(a)(2)(A)(i).

The Court may not adjudicate computational adjustments in an affected items proceeding such as this one.  Saso v. Commissioner, 93 T.C. 730 (1989).  The Court, however, may pass on whether a partner was properly notified of the partnership level proceeding, in order to decide the validity of an affected items deficiency notice.  When the notice's validity is challenged in the manner in which it is here, the Commissioner must demonstrate that she has complied with section 6223(a).  Section 6223(a) generally requires the Commissioner to mail each partner a notice of:  (1) The beginning of an administrative partnership proceeding, and (2) the final partnership administrative adjustment resulting from that proceeding.  Crowell v. Commissioner, supra at 691-692.  Unlike section 6212(a), which governs the issuance of deficiency notices and states that the Commissioner is authorized to mail such notices by registered or certified mail, section 6223(a) is silent with respect to the type of mail to be used for an FPAA.[2]

_____

[2] Respondent's practice is to send FPAA's by certified mail. 1 Audit, Internal Revenue Manual (CCH), sec. 4227.47(9), at 7233-21.  This practice is similar to respondent's practice for mailing notices of deficiency in the United States.  Id.
(continued...)

To comply with section 6223(a), the Commissioner is required
to use the names, addresses, and profits interests of the
partners shown on the partnership return for the year in issue,
as modified by any additional information supplied in accordance
with regulations.  Triangle Investors Ltd. Partnership v.
Commissioner, 95 T.C. 610, 613 (1990); sec. 301.6223(c)-1T,
Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5,
1987).  As is true with a notice of deficiency, the validity of a
properly mailed FPAA does not depend on its actual receipt.
Crowell v. Commissioner, supra at 692; cf. Yusko v. Commissioner,
89 T.C. 806, 810 (1987); Balkissoon v. Commissioner, 995 F.2d
525, 528-529 (4th Cir. 1993), affg. T.C. Memo. 1992-322.

Respondent's use of certified mail to send the FPAA to
petitioner was improper.  Petitioner resided abroad, and U.S.
postal regulations did not allow the use of certified mail for
overseas delivery.  Sec. 912.42 of the Domestic Mail Manual,
Issue 45, December 20, 1992; see also International Mail Manual,
Issue 12, July 8, 1993, at 550; cf. Rogers v. Commissioner,
59 T.C. 711 (1972).  For that reason, respondent's internal

---

²(...continued)
Respondent's practices differ, however, when it comes to sending
FPAA's and notices of deficiency abroad.  Whereas sec. 4462.1 of
the Internal Revenue Manual prohibits the use of certified mail
to send a notice of deficiency abroad, the Manual does not
distinguish between an FPAA sent in the United States and an FPAA
sent abroad.  See 2 Audit, Internal Revenue Manual (CCH), sec.
4462.1, at 7900.

guidelines for issuing deficiency notices, see 2 Audit, Internal Revenue Manual (CCH), sec. 4462.1, at 7900, provide that certified mail is not to be used to send deficiency notices abroad. In Rogers v. Commissioner, supra, respondent tried to use certified mail to send a notice of deficiency to the taxpayers' address in Honduras shortly before the expiration of the statutory period of limitations for assessing the deficiency. After the statutory period had expired, the notice was returned to respondent undelivered because the U.S. postal regulations did not allow the delivery of certified mail abroad. Respondent thereupon placed the notice into another envelope, which was sent to the taxpayers by registered mail. Respondent argued in this Court that the assessment period was suspended as of the date on which respondent attempted to send the notice via certified mail. We disagreed. We stated that, although section 6212 allowed respondent to send deficiency notices by certified mail, respondent could not use certified mail to send abroad the deficiency notice in question because the U.S. postal regulations did not allow it. In those circumstances, we held that the mailing of the notice by certified mail did not comply with section 6212 and thus was ineffective to toll the limitations period. Id. at 713.

It does not appear that the 1982 FPAA was returned to respondent undelivered. Petitioner acknowledges receiving the

FPAA's for 1983 and 1984.  However, petitioner testified that he did not receive the 1982 FPAA, and we believe him.  Respondent assumed the risk of nonreceipt when she attempted to mail the FPAA to petitioner at a foreign address by certified mail, contrary to the U.S. postal regulations.  In this regard, we reject respondent's request for a presumption of delivery with respect to the 1982 FPAA.

We hold that the 1982 FPAA is invalid as it relates to petitioner.  Thus the affected items deficiency notice issued to petitioner is invalid, and we lack jurisdiction over this proceeding.  See <u>Crowell v. Commissioner</u>, 102 T.C. at 690.  We have considered all arguments made by respondent, and to the extent not addressed above, have found them to be without merit.

To reflect the foregoing,

<u>An order of dismissal will be entered</u>.