T.C. Memo. 2000-384

UNITED STATES TAX COURT

ROBERT W. AND VIVIAN TOAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17168-95.                    Filed December 19, 2000.

Robert W. Toan and Vivian Toan, pro sese.

<u>Paul L. Darcy</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case was submitted to the Court fully
stipulated under Rule 122.  Respondent determined that
petitioners were liable for $21, $3,099, and $578 additions to
their Federal income tax for 1979, 1980, and 1981, respectively,
under section 6659.  The additions to tax stem from respondent's

determination that petitioners were not entitled to a 1982 investment tax credit that they claimed was attributable to their interest in a limited partnership, Catamount Associates (Catamount), and portions of which they carried back to each of the subject years. Following actual and deemed concessions by petitioners, we must decide whether respondent is barred from assessing any of the amounts set forth in the notices of deficiency for the subject years.[1] Petitioners assert that respondent is barred by either the 3-year period of limitation under section 6501 or a prior proceeding in this Court involving petitioners' individual income tax liability for 1980.

We hold that respondent may assess the additions to tax set forth in the notices of deficiency. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the relevant years. Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1] Petitioners set forth in their petition numerous allegations of error on the part of respondent. In their brief, petitioners limited their argument to the issue discussed herein. Under the facts of this case, we consider petitioners to have conceded all of their other allegations of error. See, e.g., Money v. Commissioner, 89 T.C. 46, 48 (1987); Burbage v. Commissioner, 82 T.C. 546, 547 n.2 (1984), affd. 774 F.2d 644 (4th Cir. 1985); Zimmerman v. Commissioner, 67 T.C. 94, 104 n.7 (1976).

## Background

The parties have filed with the Court a stipulation of facts and exhibits attached thereto. We find the stipulated facts accordingly, and we set forth the relevant facts in this background section. We also set forth in this section facts which we find from the exhibits and from matters which petitioners admitted under Rule 90. Petitioners resided in Brooklyn, New York, when they filed their petition with the Court. Petitioner Robert W. Toan is a tax attorney who received a law degree in 1968 and an LL.M. in taxation in 1977, both from New York University School of Law.

Petitioners filed a joint 1982 Federal income tax return on which they claimed an investment tax credit arising from Catamount. Catamount was organized in 1982 to purchase energy management systems equipment for installation in certain identified locations. Petitioners invested in Catamount in 1982, and they had a .470589-percent interest in its profits and losses during that year.

Catamount placed energy management systems equipment in service during 1982. It claimed on its 1982 Federal partnership information return that its tax basis in that equipment was $13,100,000 and that the entire basis qualified for the investment tax credit. Catamount's claimed tax basis was based on its position that the fair market value of the equipment was

$13,100,000. The equipment's fair market value was actually no greater than $381,000, and its claimed tax basis exceeded its fair market value by at least 3,483 percent.

Petitioners claimed on their 1982 Federal income tax return that their share of the equipment's tax basis was $61,647 (.470589 percent times $13,100,000) and that this basis qualified for the investment tax credit. Petitioners were unable to use in 1982 all of their claimed investment tax credit relating to the equipment, and they carried back and applied $894 of the credit to 1979, $10,331 of the credit to 1980, and $2,126 of the credit to 1981.

Respondent audited Catamount and determined that Catamount was not entitled to an investment tax credit for 1982 because it had no basis in qualified investment tax credit property. Respondent timely issued a notice of final partnership administrative adjustment (FPAA) to Catamount's tax matters partner (TMP) reflecting this adjustment, and the TMP timely petitioned this Court to readjust the adjustments reflected in the FPAA. See Catamount Associates v. Commissioner, docket No. 12298-90. On March 4, 1994, the Court entered a decision in the Catamount Associates case reflecting Catamount's concession that it had no basis in qualified investment tax credit property. That decision became final on June 2, 1994.

On May 31, 1995, respondent issued separate notices of deficiency to petitioners for their 1979, 1980, and 1981 taxable years (separately referred to as the 1979 notice, 1980 notice, and 1981 notice, respectively).  These notices underlie the additions to tax at issue.  The 1979 notice reflects respondent's determination that the portion of the disallowed investment tax credit that petitioners carried back to 1979 results in an underpayment of tax of $71 for 1979.  The 1979 notice determined that petitioners were liable for a $21 addition to tax under section 6659 as a result of this underpayment.  The 1980 notice reflects respondent's determination that the portion of the disallowed investment tax credit that petitioners carried back to 1980 results in an underpayment in tax of $10,331 for 1980.  The 1980 notice determined that petitioners were liable for a $3,099 addition to tax under section 6659 as a result of this underpayment.  The 1981 notice reflects respondent's determination that the portion of the disallowed investment tax credit that petitioners carried back to 1981 results in an underpayment in tax of $1,926 for 1981.  The 1981 notice determined that petitioners were liable for a $578 addition to tax under section 6659 as a result of this underpayment.

Approximately 11 years before respondent issued these notices of deficiency to petitioners, respondent issued a notice of deficiency (the 1984 notice) to petitioners for 1980

determining a $29,311.50 deficiency in their 1980 Federal income tax and a $1,465.58 addition thereto under section 6653(a). The 1984 notice did not contain any adjustments related to Catamount and did not assert an addition to tax under section 6659 with respect to Catamount. Petitioners timely petitioned this Court to redetermine the determinations reflected in the 1984 notice, see Toan v. Commissioner, docket No. 26011-84 (Toans' individual case), and the Court entered a stipulated decision in that case on December 9, 1988. The Toans' individual case did not involve any adjustments related to Catamount, and it did not involve the addition to tax under section 6659 with respect to Catamount.

## Discussion

Petitioners argue primarily that this Court's decision in the Toans' individual case bars respondent from assessing for 1980 any additional amount; e.g., the disputed addition to tax under section 6659 for that year. Petitioners assert that the addition to their 1980 tax under section 6659 was not a partnership item that was subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648, but had to be determined in the Toans' individual case. Alternatively, petitioners argue, any assessment under the 1980 notice is time barred under section 6501. Petitioners assert that the addition to tax under section 6659 was an affected item

for 1982 and that the related notice of deficiency was not an affected items notice of deficiency. Petitioners assert that the period of limitation for assessment under TEFRA is inapplicable.

We disagree with petitioners' arguments. First, the proceeding in this Court involving Catamount was a TEFRA proceeding. For partnership taxable years beginning after September 3, 1982, the tax treatment of partnership items is generally determined at the partnership level, and determinations are made under the unified audit and litigation procedures set forth in sections 6221 through 6231; i.e., the TEFRA partnership provisions. See TEFRA sec. 407(a)(1), 96 Stat. 670. Under TEFRA section 407(a)(3), 96 Stat. 670, the TEFRA procedures may also apply to partnership taxable years beginning before the September 3, 1982, effective date. TEFRA section 407(a)(3) provides that the TEFRA procedures also apply "to any partnership taxable year * * * [ending after September 3, 1982,] if the partnership, each partner, and each indirect partner requests such application and the Secretary of the Treasury or his delegate consents to such application." Such early application of TEFRA was the case here, where the parties to the Catamount litigation treated that case as a TEFRA proceeding. In addition to the fact that respondent's audit of Catamount was followed by the issuance of an FPAA, a petition contesting adjustments in that FPAA was filed with this Court through and in the name of Catamount's TMP, and both

parties to the case executed and filed a TEFRA-type decision document to resolve that litigation.

Under TEFRA, partnership items include each partner's proportionate share of the partnership's items of income, gain, loss, deduction, or credit. See Crowell v. Commissioner, 102 T.C. 683, 688-689 (1994). Partnership items do not include "affected items"; i.e., items that are affected by partnership items. Sec. 6231(a)(5); White v. Commissioner, 95 T.C. 209, 211 (1990). Affected items are of two types. The first type is a computational adjustment made to a partner's tax liability to reflect adjustments to partnership items. See sec. 6231(a)(6). After partnership level proceedings are completed, the Commissioner may assess computational adjustments without issuing a deficiency notice. See sec. 6230(a)(1). The second type of affected item requires a partner level determination. See sec. 6230(a)(2)(A)(i); N.C.F. Energy Partners v. Commissioner, 89 T.C. 741, 744 (1987). The additions to tax for valuation overstatement at issue are an example of the second type of affected item; they are subject to the deficiency procedures. See sec. 6230(a)(2)(A)(i); see also Garner v. Commissioner, T.C. Memo. 1996-37.

The 1979 notice, 1980 notice, and 1981 notice are affected items notices of deficiency which are subject to TEFRA's rules governing the period of limitation for timely assessment. The

applicable rules are found in section 6229(a), (d), and (g).

Congress enacted section 6229(g) as part of the Tax Reform Act of

1986 (TRA), see Pub. L. 99-514, sec. 1875(d)(1), 100 Stat. 2896,

effective as if included in TEFRA, see TRA sec. 1875(d)(2)(C);

Weiss v. Commissioner, 88 T.C. 1036, 1037 n.1 (1987).  Section

6229(a), (d), and (g) provides:

> SEC. 6229(a). General Rule.--Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of--
>
> > (1) the date on which the partnership return for such taxable year was filed, or
> >
> > (2) the last day for filing such return for such year (determined without regard to extensions).
>
> \*      \*      \*      \*      \*      \*      \*
>
> (d) Suspension When Secretary Makes Administrative Adjustment.--If notice of a final partnership administrative adjustment with respect to any taxable year is mailed to the tax matters partner, the running of the period specified in subsection (a) (as modified by other provisions of this section) shall be suspended--
>
> > (1) for the period during which an action may be brought under section 6226 (and, if a petition is filed under section 6226 with respect to such administrative adjustment, until the decision of the court becomes final), and
> >
> > (2) for 1 year thereafter.
>
> \*      \*      \*      \*      \*      \*      \*

(g) Period of Limitations for Penalties.--The provisions of this section shall apply also in the case of any addition to tax or an additional amount imposed under subchapter A of chapter 68 which arises with respect to any tax imposed under subtitle A in the same manner as if such addition or additional amount were a tax imposed by subtitle A.

Given the fact that subchapter A of chapter 68 of the Code includes section 6659 and that the additions to tax at issue arise with respect to petitioners' income tax liability imposed under subtitle A of the Code, we conclude that the period of limitation for assessing the section 6659 additions to tax in question is governed by section 6229. See sec. 6229(g).

The 1979 notice, 1980 notice, and 1981 notice were issued within the 3-year period of limitation set forth in section 6229(a). Respondent timely issued an FPAA to Catamount's TMP within that 3-year period, and the TMP's petition to this Court with respect to that FPAA suspended the applicable limitation period for assessing any tax attributable to a partnership item, or affected item, relating to Catamount for the pendency of that proceeding plus 1 year thereafter. See sec. 6229(d). Because our decision in that proceeding became final on June 2, 1994, respondent had at least until June 2, 1995, to issue to petitioners the subject notices of deficiency. Respondent issued those notices on May 31, 1995, or, in other words, at least 3 days before the applicable period of limitation would have expired.

Nor does the fact that respondent had already issued petitioners a notice of deficiency for 1980 (i.e., the 1984 notice) serve to prohibit respondent from issuing the affected items notice of deficiency to petitioners for the same year. See sec. 6230(a)(2)(C); Hemmings v. Commissioner, 104 T.C. 221, 226 n.6 (1995); Boyd v. Commissioner, 101 T.C. 365, 372-73 (1993). Petitioners rely incorrectly on Roberts v. Commissioner, 94 T.C. 853 (1990), for a contrary result. There, the Commissioner issued notices of deficiency disallowing the taxpayers' claimed losses from TEFRA partnerships because the losses exceeded the amounts for which the taxpayers were at risk under section 465. The Commissioner never issued an FPAA to the partnerships, and the taxpayers argued that their at-risk amounts were partnership items that had to be determined at the partnership level. The Court held that the taxpayers' at-risk amounts with regard to the partnerships were affected items and did not have to be determined at the partnership level. See id. at 861.

We conclude and hold that respondent may assess the additions to tax set forth in the notices of deficiency.  We have considered all arguments for a contrary holding, and we reject all arguments not discussed herein as without merit or irrelevant.  Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.